In the Matter of 320 WEST 37TH Street, INC., Appellant, against JOSEPH D. McGOLDRICK, as Comptroller of the City of New York, Respondent.

Argued May 24, 1939; decided July 11, 1939.

*Morway Picket* for appellant.

134

*William C. Chanler, Corporation Counsel (Edmund B. Hennefeld, Arthur A. Segall* and *Sol Charles Levine* of counsel), for respondent.

HUBBS, J. The appellant is engaged in the real estate business and is the owner of a loft building rented to small manufacturers. It buys electricity from the Consolidated Edison Company, taking service through a master meter at a rate lower than would be available to its tenants, taking separately. It resells, through separate meters, to its individual tenants at the established rates fixed by the electric company for service furnished to individuals. The electricity thus furnished is billed separately from the rent and the details of management, distribution, meter reading, billing, collecting, etc., is handled for appellant by Consumers Electric Service Company, Inc. The appellant derives a profit from thus reselling the electricity it purchases through the master meter. The apparatus used is located within the premises. No use is made of the city streets. No permit is granted or required from the city or State. It sells electric current to its tenants as an incident of its private real estate business.

For the year prior to making application for a refund, it reported its gross income from the sales of electricity made to its tenants under the provisions of the so-called utility tax laws, being local laws adopted pursuant to chapter 815 of the Laws of 1933. Based upon such returns, it paid a

three per cent tax for a portion of the period, and thereafter a one per cent tax. Within one year from the payment of the taxes it made application for a refund, pursuant to the provisions of Local Law No. 30 of 1936 of the city of New York in reference to refunds. The respondent denied the application and this proceeding is to review such determination.

The original utility tax law (Local Law No. 19 of 1933) imposed the tax only upon public utilities subject to the supervision of the Department of Public Service. That did not cover all utilities. Therefore, by Local Law No. 21 (published as No. 22) of 1934 an additional provision was enacted making taxable " Every person who shall engage in the business of furnishing or selling gas, electric, steam, water, telephone or telegraph service whether or not such person is subject to supervision by the department of public service " (§ 1, subd. d). By Local Law No. 2 of 1935 the above last-quoted provision was changed to read: " every person whether or not such person is subject to such supervision who shall engage in the business of furnishing or selling to other persons gas, electricity, steam, water, refrigeration, telephony and / or telegraphy or who shall engage in the business of furnishing or selling to other persons gas, electric, steam, water, refrigeration, telephone or telegraph service." (§ 1, subd. 2.) In the caption of these local laws it is provided that they are local laws " imposing an excise tax on the gross income of every person doing business * * * subject to supervision of either division of the department of public service, and of any and all other *utilities* doing business within such city." The law in force from July 1, 1936, to July 1, 1937, fixed the tax at three per cent and that in force for the subsequent fiscal year fixed the tax at one per cent. (See Local Law No. 23 of 1937, § 2.) The tax thus imposed and here in question is not a sales tax imposed on the sale of personal property but purports to be a tax on a utility doing business within the city.

The appellant contends that it is not a utility or a person engaged in the business of selling electricity within the intent of that law, and that if the law be construed to

include petitioner it is unconstitutional. In support of its contention it relies upon the decision of this court in *Matter of Merchants Refrigerating Co.* v. *Taylor* (275 N. Y. 113). There a storage warehouse company maintained refrigerating plants in the basements of its warehouses. In the main its business consisted of storing goods for others in refrigerated compartments, but it sold refrigeration to certain tenants of one of its buildings and from one building it sold refrigeration, through pipes laid under the streets pursuant to a franchise from the city, to customers off its own premises. This court held it not liable under the utility tax law as to its storage business, or as to refrigeration sold to its own tenants, but liable as to refrigeration sold for off-premises consumption pursuant to a franchise permitting the use of the street for its pipes. That case arose after the adoption of the 1935 law, which included in the persons affected by the act those selling refrigeration (Local Law No. 2 of 1935). There, as here, the service to its tenants was not included in the rental charge for the premises, but was separately charged for. The only material differences to be observed are:

*First,* that in the case cited the refrigerating company was liable to a sales tax, whereas here the appellant is exempt as to its income from rentals through a specific provision to that effect in the business tax law.

*Second,* in the case cited the refrigerating company produced refrigeration on the premises where here the electricity was purchased rather than produced.

The decision in the *Refrigerating Company* case was placed upon the ground that it did not appear that the appellant had characteristics differentiating it from business in general and hence that no reason appeared why the appellant should be subject to the tax while business in general was exempted. Neither the fact that the refrigeration was produced on the premises or that a double tax might result appears to have been considered as a ground for the decision.

The respondent argues that here the appellant has the benefit of a so-called underlying franchise, that is, the

franchise held by the Consolidated Edison, upon which it is dependent for the service which it sells. So might have been the refrigerating company dependent upon an electric, gas, water or other franchise to make possible its production of refrigeration. Such argument is without merit.

It is not seriously contended that had the appellant rented its lofts, power and light included, at a specified rental per month, that it would be liable for the tax here in question. It is contended that because it does the same thing except that its charge for rent and electricity are separate items, it thereby engages in the utility business within the meaning of the law in question. The law, read as a whole, is quite evidently intended to apply to those engaged publicly in the business of distributing the named commodities or furnishing the named services. If it is not applicable when a refrigerating company furnishes refrigeration to its tenants for profit, independently of its rental charge for space and other facilities, it clearly is not applicable when a real estate holding company sells electricity to its own tenants on the same basis.

It is urged by the respondent that the tax was voluntarily paid without protest and, therefore, cannot be recovered. Prior to the payment of the tax the Comptroller had issued regulations governing the enforcement of local laws imposing utility taxes and made rulings in respect to the payment of such taxes. Under the terms of such regulations and rulings the appellant was required to pay the tax and in case of failure became subject to penalties for such failure. Section 10 of Local Law No. 21 of 1934 provides: " If within one year from the payment of any tax or penalty the payer thereof shall make application for a refund thereof and the comptroller or the court shall determine that such tax or penalty, or any portion thereof, was erroneously or illegally collected, the comptroller shall refund the amount so determined." Appellant has proceeded thereunder. In the circumstances the general rule of voluntary payment is not applicable. Otherwise there would be no reason for the enactment of the statutory

provision for a refund as a tax erroneously paid under protest could be recovered without such statutory provision. ( *N. Y. Rapid Transit Corp.* v. *City of New York,* 275 N. Y. 258; affd., 303 U. S. 573.)

The order of the Appellate Division should be reversed, the determination of the Comptroller annulled, and a refund directed, with costs to the appellant. (See 281 N. Y. 854.)

CRANE, Ch. J. LEHMAN, LOUGHRAN, FINCH and RIPPEY, JJ. concur; O'BRIEN, J., taking no part.

Ordered accordingly.