In the Matter of the Application of 339 CENTRAL PARK WEST, INC., Petitioner, for an Order against MARK GRAVES and Others, Constituting the State Tax Commission of the State of New York, Respondents.

Third Department, July 2, 1940.

*Sachs & Picket* [*Morway Picket* of counsel], for the petitioner.

*John J. Bennett, Jr., Attorney-General* [*Wendell P. Brown, Assistant Attorney-General,* of counsel], for the respondents.

BLISS, J.   This proceeding is in the nature of certiorari to review assessments of State taxes made against petitioner under section 186-a of the Tax Law submitted to us upon an agreed statement of facts.   The first question for our decision is whether petitioner is a utility subject to the tax imposed by this statute.   If it is, then we must determine whether the statute violates the equal protection clauses of the State and Federal Constitutions.

Petitioner owns and operates an apartment building in the city of New York.   It purchases electricity from the Consolidated Edison Company of New York, Inc., a public utility, and submeters and sells it to the tenants of its apartment house only.   It renders them bills for electricity separate from their rents.   It does not use the city streets in these operations and enjoys no special franchise.   Under protest, it filed returns for the tax periods between May 1, 1937, and February, 1940, and made payment of the taxes.   It now seeks a refund of these taxes and a construction that the statute does not apply to it, or, if construed so as to include petitioner, then that it is discriminatory and unconstitutional. The respondents deny these claims and ask judgment denying the refund and sustaining the validity of the taxes thus imposed.

Section 186-a was first added to the Tax Law of the State by chapter 321 of the Laws of 1937, in effect May 7, 1937. This new section is entitled " Additional tax on utilities " and immediately follows section 186 which imposes a franchise tax on water works companies, gas corporations, electric or steam heating, lighting and power companies. As originally enacted in 1937, section 186-a laid an additional tax on utilities for the one-year period beginning July 1, 1937. Subsequent amendments have lengthened the period to June 30, 1941. The amount of the tax now imposed is two per centum of the gross income of utilities doing business in this State which are subject to the supervision of the State Department of Public Service, with certain exceptions not here material, and two per centum of the gross operating income of every other utility doing business in the State. " Utilities " under this law include every corporation which " shall engage in the business of selling gas, electricity, steam, water, refrigeration, telephony or telegraphy, delivered through mains, pipes or wires, or of furnishing gas, electric, steam, water, refrigerator, telephone or telegraph service, by means of mains, pipes, or wires."

As far back as 1933 a similar tax was levied by the city of New York upon utilities doing business within that city. Under the local law of the city, as amended, that tax was imposed upon every person engaged in the " business of furnishing or selling to other persons, gas, electricity, steam, water, refrigeration, telephony and/or telegraphy or who shall engage in the business of furnishing or selling to other persons gas, electric, steam, water, refrigeration, telephone or telegraph service." The Court of Appeals in *Matter of 320 West 37th St., Inc.,* v. *McGoldrick* (281 N. Y. 132) held that such local law was not applicable to a corporation owning and operating an apartment house and submetering and selling electricity to its tenants in exactly the same manner as petitioner here is doing. Writing for the court, Judge HUBBS said: " The law, read as a whole, is quite evidently intended to apply to those engaged publicly in the business of distributing the named commodities or furnishing the named services."

The definition of a utility in section 186-a of the Tax Law is practically identical with that of its obvious parent, the New York city local law. But, we are told, that while it is the same definition in the same words, it is in a new setting and, therefore, we should now construe it anew. We are urged to give to it a meaning which our court of last resort said it did not have. The difference in background, according to the State, is found in an amendment to the State Law (Laws of 1938, chap. 293) eliminating from " gross income " the receipts from sales which are not for

ultimate consumption by the purchaser. Under the city law, the words " gross income " included receipts from any sale of electricity made or electric service rendered. The proceeds from sales of electricity for resale came within the purview of the local law, while receipts from such sales are not included in determining the amount of the State tax because the State definition of " gross income " eliminates from the computation of the tax, those sales which are not for ultimate consumption by the purchaser. While it thus narrows the field of sales by a utility which are subject to the tax, section 186-a does not expand the class of corporations which must pay the tax. It is a restriction upon the sales by which the tax is measured and not a broadening of the class of corporations to be taxed. The sale of electricity by a utility for resale is not to be taxed, but we find in this limitation no expressed intention of expanding the group which must pay the tax. This distinction between the city and State laws reveals no intention on the part of the Legislature to avoid the effects of the Court of Appeals' decision in *Matter of 320 West 37th St., Inc.,* v. *McGoldrick* (*supra*). If such an intention existed it could have been much more easily and clearly disclosed, and where our court of last resort has stated that the definition of a utility found in the city act did not include a corporation of exactly the same type engaged in precisely the same kind of business as petitioner, we are not free to now say that the same definition now includes the petitioner.

We are also of the opinion that the petitioner was not a utility engaged in the business of selling electricity or rendering electric service. Such sales as were made were wholly incidental to its business of owning and operating the apartment house. Nor is petitioner a utility in the universally accepted meaning of that term. Further basis for this construction of section 186-a of the Tax Law is found in its title " additional tax on utilities " and its position immediately following section 186 which imposes a franchise tax on water works companies, gas companies, electric or steam heating or electric light companies, all of which are clearly engaged in the business of supplying those commodities and services to the public generally. When the new section 186-a speaks of an additional tax on utilities, it is some indication that the Legislature meant utilities of the same type as those mentioned in the preceding section.

While this interpretation of the statute renders it unnecessary for us to determine the constitutional question raised by the petitioner, it is only fair to state in that regard that a very serious question indeed would be presented under the decision of *Merchants Refrigerating Co,* v. *Taylor* (275 N. Y. 113).

Judgment should be rendered in favor of the petitioner in accordance with the stipulation, without costs.

HILL, P. J., SCHENCK and FOSTER, JJ., concur; HEFFERNAN, J., dissents and votes to confirm.

Judgment rendered in favor of petitioner in accordance with the stipulation, without costs.