**In re TEN EYCK CO., Inc.**
No. 29421.

District Court, N. D. New York.
July 23, 1941.

George J. Hatt, 2nd, of Albany, N. Y., for debtor.

John J. Bennett, Jr., Atty. Gen., (Wendell P. Brown and Edward J. Grogan, Jr., Asst. Attys. Gen., of counsel), for State Tax Commission.

COOPER, District Judge.

This is a motion by the debtor to expunge two claims filed by the State Tax Commission under Section 186-a of the State Tax Law, one claim being for $241.26, covering taxes alleged to be due by the debtor from June 1, 1939, to August 31, 1940, inclusive, and the other for an undetermined amount for the period commencing Sept. 1, 1940, and ending Feb. 28th, 1941.

The taxes are claimed to be due by virtue of Chapter 137 of the Laws of 1941, which became law on March 20, 1941.

It will be seen that these tax claims all arose before the Passage of Chapter 137 of the Laws of 1941.

By Chapter 321 of the Laws of 1937, Section 186-a was added to the tax law of the State of New York, imposing a tax equal to 2% of its gross income beginning July 1, 1937, upon every utility doing business in the State which was subject to the jurisdiction of the Public Service Commission and a tax equal to 2% of its gross earnings upon every other utility doing business in the State.

The Act defined utility to include every person (whether or not subject to the Public Service Commission) who shall engage in the business of selling gas, electricity, steam, water, refrigeration, telephony or telegraphy.

The tax was imposed only in respect to sales "for ultimate consumption or use by the purchaser."

The State Tax Commission, acting under such statute, assessed taxes therein provided against the so-called submetering companies, such as hotels, office buildings, apartment houses, etc., and which purchased electricity, etc., and sold such services at a higher rate to their guests or tenants.

The Statute was challenged as to hotels, apartment houses, etc., on the ground that they were not utilities within the meaning of the statute.

On July 2, 1940, the Appellate Division of the Third Department in a case entitled "Matter of Application of 339 Central Park West, Inc., petitioner for an order against Mark Graves and others, constituting the State Tax Commission" 260 App.Div. 265, 21 N.Y.S.2d 93, held that appartment houses, hotels etc., were not utilities within the meaning of Section 186-a of the State Tax Law and directed a refund of the taxes collected.

The decision was affirmed by the Court of Appeals without opinion in 284 N.Y. 691, 30 N.E.2d 727.

The debtor corporation came in this Court on November 27, 1940, at a time when there was no law making it taxable as a utility under Section 186-a of the State tax law or otherwise.

The Legislature of 1941, by Chapter 137 of the Laws of 1941, declared its intent that Section 186-a as enacted in 1937 should cover hotels, apartment houses, etc., and amended 186-a to cover them and made the act retroactive to the date of the passage of the Act passed in 1937 adding 186-a to the State Tax Law.

The State Tax Commission now demands taxes of the debtor hotel from a time long before it came into this Court by virtue of the retroactive provisions of Chapter 137 of the Laws of 1941.

■ The debtor asserts and the Court must agree that under the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., claims not in existence and not provable at the time of filing the petition may not be allowed against the bankrupt estate. Ingels v. Boteler, 9 Cir., 1938, 100 F.2d 915.

The Court understands that it is not disputed here that ordinarily only claims existing or provable at the time of bankruptcy may be allowed against a bankrupt estate. It is not claimed, as the Court understands that because the debtor is in arrangement proceedings instead of ordinary bankruptcy, that the status of claims is any different. If it were so claimed, the Court would hold against such claim.

The State's contention is that since Chapter 137 of the Laws of 1941 was made retroactive to the date of the enactment of section 186-a, the debtor is liable for such taxes as if it were not in bankruptcy.

■ That means, in essence, that a state may pass an act which will make claims allowable and provable in bankruptcy which are not so under the bankruptcy. That is to say, that the state may enact laws which may change or modify the Bankruptcy Act despite the fact that the Federal Constitution gives the Federal Government exclusive power to enact uniform bankruptcy laws. Such contention cannot be upheld.

The State also asserts that its tax claims here should be allowed because of Section 124a of Title 28 of the U.S.Code, adopted June 18, 1934, which provides: "Any receiver, liquidator, referee, trustee, or other officers or agents appointed by any United States court who is authorized by said court to conduct any business, or who does conduct any business, shall, from and after June 18, 1934, be subject to all State and local taxes applicable to such business the same as if such business were conducted by an individual or corporation."

■ Assuming that this provision applies to the conducting of business under the bankruptcy act, it manifestly means, that such business shall be conducted in accordance with the laws then existing or which thereafter may be enacted, while the business is carried on by the Court's agent and in accordance with such new laws from the time of their enactment, and can have no other possible meaning.

■ Certainly it cannot be held that Section 124a of Title 28 was intended to amend the Bankruptcy Act in any way or to prevail over it.

The application of Section 124a of the Title 28 has been many times passed on and held to apply to current taxes as they accrue. MacGregor v. Johnson-Cowdin-Emmerich, Inc., 2 Cir., 39 F.2d 574, 576; Hennepin County v. M. W. Savage Factories, 8 Cir., 83 F.2d 453; Matter of Humeston, 2 Cir., 83 F.2d 187; Matter of Preble Corp., D.C., 15 F.Supp. 775,

272

31 A.B.R.,N.S., 564; In the Matter of Charles Nelson Co., D.C., 27 F.Supp. 673, 40 A.B.R.,N.S., 262.

The motion is granted to strike out all tax claims down to the date of the passage of Chapter 137 of the Laws of 1941 and such debtor shall be subject to such taxes from that time.

An order may be entered to be settled on two days' notice if not agreed upon.