In the Matter of the Application of LACIDEM REALTY CORPORA-TION, Petitioner, for an Order against MARK GRAVES and Others, Constituting the State Tax Commission of the State of New York, Respondents.

Third Department, March 4, 1942.

*Harold J. Treanor* and *Morway Picket* [*Morway Picket* of counsel], for the petitioner.

*John J. Bennett, Jr., Attorney-General* [*Wendell P. Brown, John C. Crary, Jr.,* and *Milton Kaplan, Assistant Attorneys-General,* of counsel], for the respondents.

HILL, P. J.   Review under article 78 of the Civil Practice Act of a determination of the State Tax Commission denying petitioner's application for a refund of taxes levied under section 186-a of article 9 of the Tax Law, as amended by chapter 137 of the Laws of 1941, in effect March 20, 1941.   Petitioner is the owner of a ten-story building located in the city of New York, tenanted by physicians, dentists, a private hospital, drug store and a pathological laboratory.   It sells to its tenants electric current which it obtains from the Consolidated Edison Company of New York, Inc., at wholesale rates, and bills the tenants at the rate they would have to pay the public utility.   The refund asked covers the tax on sales made after May 7, 1937, to which time section 186-a is made retroactive by the 1941 amendment (chap. 137).   The amount of the tax is two per cent of the gross income which petitioner received from the sale of the current.

A levy in all respects like the one under consideration was held illegal under section 186-a as it existed before the 1941 amendment. (*Matter of 339 Central Park West, Inc., v. Graves,* 284 N. Y. 691, affg. 260 App. Div. 265.)   The legality of a tax levied and collected under a New York city local law very similar to section 186-a after its amendment was considered in *Matter of 320 West 37th St., Inc., v. McGoldrick* (281 N. Y. 132).   The opinion states (p. 136): " The appellant contends that it is not a utility or a person engaged in the business of selling electricity within the intent of that law, and that if the law be construed to include petitioner it is unconstitutional.   In support of its contention it relies upon the decision of this court in *Matter of Merchants Refrigerating Co. v. Taylor* (275 N. Y. 113)."   The opinion then discusses the similarity between the *McGoldrick* case, where a sale of electric energy was involved, and the *Taylor* case, where refrigeration was sold, and continues (p. 137): " The decision in the *Refrigerating Company* case was placed upon the ground that it did not appear that the appellant had characteristics differentiating it from business in general and

hence that no reason appeared why the appellant should be subject to the tax while business in general was exempted. * * * Respondent argues that here the appellant has the benefit of a so-called underlying franchise, that is, the franchise held by the Consolidated Edison, upon which it is dependent for the service which it sells. So might have been the refrigerating company dependent upon an electric, gas, water or other franchise to make possible its production of refrigeration. Such argument is without merit." In *Matter of Merchants Refrigerating Co.* v. *Taylor* (*supra*) the New York city local law, which included refrigeration, was held to be unconstitutional as to the service rendered to the tenants of the refrigerating company and as to refrigeration used in cooling warehouses in which the company stored merchandise for the general public, but was sustained as to " off-premises " sales where the delivery was made through pipes laid in the streets under a franchise from the city. The opinion states the issue in the form of a question (p. 122): " The test to be applied in such cases as the present one is — does the statute arbitrarily and without genuine reason impose a burden upon one group of taxpayers from which it exempts another group, both of them occupying substantially the same relation toward the subject matter of the legislation? " The answer contained in the opinion is (p. 123): " Most of those utilities included within the classification have common characteristics that differentiate them from business in general. The classification was, as to them, held reasonable. Appellant does not share that common characteristic. No reason appears why appellant should be included within the incidence of the tax while business in general was exempted."

Under the foregoing authorities, petitioner is entitled to a refund upon the ground of unconstitutionality of the statute under which the tax was levied unless the amendment of 1941 made constitutional a tax which previously had been unconstitutional.

The principal change in the body of the section is that the words " regardless of whether such activities are the main business of such person or are only incidental thereto, or of whether use is made of the public streets " were added to the description of those persons who were to be included under the word " utility " (subd. 2). These words obviously were included because mention was made in the *Taylor* opinion that the principal business of the petitioner was conducting a warehouse and leasing space therein, with the sale of refrigeration incidental, and in the *McGoldrick* case, that the petitioner was engaged in the real estate business, owning a loft building rented to small manufacturers, with the sale of electricity incidental; also in the *Taylor* case, the portion of the sales held to be subject to the tax involved the use of conduits laid in

the streets under a franchise from the city. The statute was not held unconstitutional because of either of the above facts, but because the petitioners did not share common characteristics with those who legally could be taxed and because they were not differentiated from business in general, which was exempt from the tax. Thus nothing remedial was added by the phrase quoted. As to the *ex post facto* " declaration of legislative intent " that was implicit in the section before the amendment, and the taxing authorities of the city and State acted thereon. A tax was levied which was discriminatory, assuming such to have been the intent. It did not change the nature of petitioner's business, or make it more similar to utilities, or differentiate it from business in general which was exempted. The statement of intent in no wise affected the constitutionality of the tax levied against this petitioner.

In view of the above conclusion, a discussion of retroactivity is unnecessary. However, if decisions by the court of last resort are to be regarded as predictions of what the law will be in a case, it seems to have been settled until March 20, 1941 (Laws of 1941, chap. 137), that petitioner was not liable for this tax. It is recognized that a person may not with safety place reliance upon pronouncements less final than those of the court of last resort, which do have force until modified by statute. Petitioner was not forewarned of the tax, and had a right to believe that it was not subject to such a levy.

The order of the Tax Commission should be annulled and the matter remitted, with direction to respondents to cause a refund to be made in accordance with the prayer of the petition.

CRAPSER, BLISS and SCHENCK, JJ., concur; HEFFERNAN, J., dissents, in an opinion.

HEFFERNAN, J. (dissenting). Respondents denied petitioner's application for the refund of emergency taxes on the furnishing of utility services paid under section 186-a of the Tax Law for the quarter year periods from the quarter ending August 31, 1938, to the quarter ending May 31, 1941, and that determination is the subject of this review.

The petitioner is the owner of a ten-story building and pent house located in the city of New York exclusively rented to physicians, dentists, a private hospital, a drug store and a pathological laboratory. It purchases electric current from the Consolidated Edison Company of New York, Inc., at wholesale rates, a portion of which it itself consumes in the lighting of halls, operation of elevators and ventilating system, and a part of which it resells to its tenants. The electric current which is resold to the tenants is supplied to them through electric wiring circuits running to their

respective premises, which circuits are owned by petitioner, and is measured by electric meters owned by petitioner and located on its premises. The electric current which petitioner resells to its tenants is billed to them separately from rental charges. The rate charged to them is the same rate charged for like quantities by electric corporations subject to the jurisdiction of the Public Service Commission.

The gross operating income which the petitioner reported and what has been used as the tax base included only income from the sale of electricity to the tenants. Petitioner has not been taxed for any electric current which it consumed, the taxes in respect to such current having been paid by the Consolidated Edison Company of New York, Inc., as the seller for ultimate consumption or use. The Edison Company is not liable to tax on that part of its gross income from electric current sold to the petitioner for resale to its tenants.

By chapter 321 of the Laws of 1937 the Legislature enacted section 186-a of the Tax Law providing for a tax " * * * equal to two per centum of its gross operating income * * * upon every other utility doing business in this State, * * *."

The term " utility " was defined as including " every person * * * who shall engage in the business of selling gas, electricity, steam, water, refrigeration, telephony or telegraphy, delivered through mains, pipes or wires, or of furnishing gas, electric, steam, water, refrigerator, telephone or telegraph service, by means of mains, pipes, or wires: * * *."

The term " gross operating income " was declared to " mean and include receipts received in or by reason of any sale made to persons for ultimate consumption or use by them of gas, electricity, steam, water, refrigeration, telephony or telegraphy, or in or by reason of the furnishing to persons for such consumption or use of gas, electric, steam, water, refrigerator, telephone or telegraph service in this State * * *."

By chapter 137 of the Laws of 1941, section 186-a was amended to provide, among other things, that the term " utility " includes persons who sell or furnish gas, electricity, etc., " * * * regardless of whether such activities are the main business of such person or are only incidental thereto, or of whether use is made of the public streets; * * *." As so amended, section 186-a was made retroactive to May 7, 1937, the date the original act became effective.

Prior to the 1941 amendment of the statute this court in *Matter of 339 Central Park West, Inc.,* v. *Graves* (260 App. Div. 265; affd., 284 N. Y. 691), following the decision of the Court of Appeals in *Matter of 320 West 37th St., Inc.,* v. *McGoldrick* (281 N. Y. 132),

construing a local law of the city of New York imposing a tax on utilities, held that section 186-a of the Tax Law was not intended to apply to an apartment house owner which purchased electricity from a public utility, submetered it and resold the same to its tenants.

The omission in the former law has now been supplied in the 1941 amendment. The tax no longer is upon those who *engage in the business of selling* gas, electricity, etc., but upon those who *sell* those commodities " regardless of whether such activities are the main business of such persons or are only incidental thereto, or of whether use is made of the public streets."

Under the statute as amended it is clear that the present tax is not imposed upon utilities as such. The tax is levied upon all persons or corporations whether falling within the definition of utility or not which sell gas, electricity, etc., for ultimate consumption or use. Any possible doubt as to the nature of the tax has been removed by the elimination of the old title of the section: " Additional tax on utilities " and the substitution of the new title: " Emergency tax on the furnishing of utility services." The tax is, in fact, the exact equivalent of a retail sales tax on given commodities. Such a tax imposed at a uniform rate and from which no seller at retail is exempt does not violate the equal protection clause of the State Constitution as contended by petitioner for the reason that any element of discrimination is entirely lacking.

A sales tax need not embrace all commodities or types of business establishments and petitioner is not discriminated against simply because general business is not subject to this tax. (*Matter of Schulte, Inc.,* v. *Graves,* 242 App. Div. 724; affd., 266 N. Y. 592; appeal dismissed for want of a substantial Federal question, 296 U. S. 536.)

Petitioner also challenges the validity of this statute because of the retroactive provision. A tax is not necessarily unconstitutional because retroactive. (*Welch* v. *Henry,* 305 U. S. 134; *Milliken* v. *United States,* 283 id. 15.) As a rule retrospective statutes are deemed valid where the State Constitution does not forbid them. In exceptional cases only have they been held unconstitutional. (*Untermyer* v. *Anderson,* 276 U. S. 440.)

In our opinion the 1941 amendment to the section of the Tax Law in question is valid and constitutional and the determination of the Commission should be confirmed, with fifty dollars costs and disbursements.

Order of the Tax Commission annulled and matter remitted, with direction to respondents to cause a refund to be made in accordance with the prayer of the petition.