**In re TEN EYCK CO., Inc.**

**No. 158.**

Circuit Court of Appeals, Second Circuit.

March 19, 1942.

John J. Bennett, Jr., Atty. Gen. of New York (Wendell P. Brown and Edward J. Grogan, Jr., Asst. Attys. Gen., of counsel), for appellant.

George J. Hatt, 2d, of Albany, N. Y., for appellee.

Before SWAN, AUGUSTUS N. HAND, and FRANK, Circuit Judges.

SWAN, Circuit Judge.

This appeal presents the question whether the State of New York is entitled to collect taxes from the estate of a taxpayer who had initiated a proceeding in bankruptcy prior to the enactment of the statute under which the taxes were assessed.

On November 27, 1940, the appellee filed in the bankruptcy court a petition for a chapter XI arrangement, 11 U.S.C.A. § 701 et seq., and an order was entered continuing it in possession of its property, the Ten Eyck Hotel in the city of Albany. Subsequently the New York legislature enacted chapter 137 of the Laws of 1941, effective March 20, 1941, which amended section 186-a of the Tax Law and imposed a tax, retroactive to May 7, 1937, upon sales by utility submeterers, such as owners or operators of hotels, apartment houses and

office buildings who purchase electricity, telephone service, etc., and resell to their guests and tenants. Shortly after chapter 137 went into effect the appellant filed two proofs of claim in the arrangement proceeding for taxes alleged to be due under this statute, one, for the amount of $241.26, covering the period from June 1, 1939 to August 31, 1940, the other, in an undetermined amount, for the period from September 1, 1940 to February 28, 1941. On motion of the appellee these claims were disallowed and expunged.

Taxes of the character of those in suit were attempted to be imposed by chapter 321 of the Laws of 1937, effective May 7, 1937, which became section 186-a of the Tax Law. This laid an additional tax upon utilities subject to supervision by the state department of public service and a tax equal to two per cent. of its "gross operating income" upon "every other utility" doing business in the state. "Utility" was defined in sub-section 2; but it was held in Matter of 339 Central Park West, Inc., v. Graves, 260 App.Div. 265, 21 N.Y.S.2d 93 that the definition was not broad enough to include the corporate owner and operator of an apartment building which purchased electricity from a public utility and submetered and sold it to tenants, rendering bills for the electricity separate from the rents. Of course a submetering hotel operator would likewise be immune. This decision was affirmed without opinion in 284 N.Y. 691, 30 N.E.2d 727, prior to November 27, 1940, when the debtor filed its petition. Consequently on this date the debtor owed no taxes for submetered sales of utility services. Chapter 137 of the Laws of 1941 was a curative enactment expressly intended to override the decision of the Court of Appeals. It broadened the definition of "utility" to include submeterers and declared that the amendments should be deemed to have the same effect as if enacted on May 7, 1937.

Subsequent to the argument in this court the validity of the retroactive application of chapter 137 of the Laws of 1941 has been passed upon by the Appellate Division, Third Judicial Department, in Matter of Lacidem Realty Corporation v. Graves, —— App.Div. ——, 33 N.Y.S.2d 912, opinion handed down March 4, 1942. With one justice dissenting, it was held that the tax sought to be imposed was discriminatory and violative of the equal protection clause of the State Constitution. This construction of the statute and the State Constitution is conclusive upon this court. Consequently the interesting bankruptcy questions which were argued are not before us.

Order affirmed.