In the Matter of LACIDEM REALTY CORPORATION, Respondent, against MARK GRAVES et al., Constituting the State Tax Commission, Appellants.

Argued April 28, 1942; decided July 29, 1942.

*John J. Bennett, Jr., Attorney-General (Leon M. Layden, Wendell P. Brown, John C. Crary, Jr.,* and *Milton Kaplan* of counsel), for appellants. Section 186-a of the Tax Law (Cons. Laws, ch. 60), as amended by chapter 137 of the Laws of 1941, does not violate the due process or equal protection clauses of the State Constitution. (*Matter of Schulte, Inc.,* v. *Graves,* 242 App. Div. 724; 266 N. Y. 592; *Southwestern Oil Co.* v. *Texas,* 217 U. S. 114.) The retroactive provision of chapter 137 of the Laws of New York of 1941 is constitutional and valid. (*Welch* v. *Henry,* 305 U. S. 134; *People ex rel. Best & Co.* v. *Graves,* 265 N. Y. 431; *Phillips* v. *Dime Trust & Safe Deposit Co.,* 284 U. S. 160; *People ex rel. Beck* v. *Graves,* 280 N. Y. 405; *People ex rel. Pierson* v. *Lynch,* 263 N. Y. 533; *People ex rel. Cohn* v. *Graves,* 271 N. Y. 353; 300 U. S. 308; *United States* v. *Heinszen & Co.,* 206 U. S. 370; *Rafferty* v. *Smith, Bell & Co.,* 257 U. S. 226; *Wagner* v. *Baltimore,* 239 U. S. 207; *Seattle* v. *Kelleher,* 195 U. S. 351.)

*Morway Picket* and *Harold J. Treanor* for respondent. Section 186-a of the Tax Law, as re-enacted by chapter 137 of the Laws of 1941, violates sections 6 and 11 of article I of the State Constitution. (*Matter of Vanderbilt,* 281 N. Y. 297; *People ex rel. New York Edison Co.* v. *Pub. Serv. Comm.,* 191 App. Div. 237; 230 N. Y. 574; *Merchants Refrigerating Co.* v. *Taylor,* 275 N. Y. 113; *New York Steam Corp.* v. *City of New York,* 268 N. Y. 137; *New York Rapid Transit Corp.* v. *City of New York,* 275 N. Y. 258; 303 U. S. 573; *Sixty-seventh S. M., Inc.,* v. *Bd. of P. U. Comm's.,* 106 N. J. L. 45; 107 N. J. L. 386; *City of Princeton* v. *Princeton Electric Light Co.,* 166 Ky. 730; *Crawford Electric Co.*

v. *Knox County Power Co.*, 110 Me. 285; *State* v. *Baker*, 320 Mo. 1146; *Matter of 320 West 37th Street, Inc.*, 281 N. Y. 132; *Matter of 339 Central Park West, Inc.*, v. *Graves*, 260 App. Div. 265; 284 N. Y. 687; *Matter of Ridgefield Refrigeration Service, Inc.*, v. *McGoldrick*, 259 App. Div. 802; 284 N. Y. 642.) Chapter 137 of the Laws of 1941 exceeds the period of permissible constitutional retroactivity. (*People ex rel. Beck* v. *Graves*, 280 N. Y. 405; *Nichols* v. *Coolidge*, 274 U. S. 531; *Blodgett* v. *Holden*, 275 U. S. 142; *Untermyer* v. *Anderson*, 276 U. S. 440; *Coolidge* v. *Long*, 282 U. S. 582; *Helvering* v. *Helmholz*, 296 U. S. 93; *White* v. *Poor*, 296 U. S. 98.)

DESMOND, J. In *Matter of 436 W. 34th Street Corporation* v. *McGoldrick*, 288 N. Y. 346, decided herewith, we have construed New York City Local Law No. 80 of 1940, to impose the City's utility tax on a landlord's receipts from his incidental business activity of sub-metering electric current to his tenants. So construed, that Local Law is not, we have held, unconstitutional. In the present case we have for review the annulling, by the Appellate Division, Third Department, of a determination of the State Tax Commission that such receipts of a landlord from such sub-metering operations, are taxable under section 186-a of the Tax Law (Cons. Laws, ch. 60), as amended in 1941. As applied to this respondent landlord's sales of sub-metered electric current to the tenants of his " professional building," there is no substantial difference between the taxing provisions of the Local Law passed on in *Matter of 436 W. 34th Street Corporation* v. *McGoldrick* (*supra*) and section 186-a of the Tax Law. Although the Local Law separately describes as " vendors " those who sell electricity as an incident to other businesses, and the State statute uses no such terminology, nevertheless the 1941 amendments to the State statute, like the 1940 additions to the Local Law, tax, in clear language, every person " who sells gas, electricity * * *, regardless of whether such activities are the main business of such person or are only incidental thereto * * *." (L. 1941, ch. 137, § 2.) The language of the 1941 amendments to section 186-a and the elaborate " Declaration of Legislative Intent " which serves as a preamble to the amend- ments, makes it certain that the sub-metering receipts of landlords, like this petitioner-respondent, are made taxable.

We have, however, in this case another question not presented by *Matter of 436 W. 34th Street Corporation* v. *McGoldrick* (*supra*). When the Legislature in 1941 amended section 186-a of the Tax Law in the manner above described, it was not content to bring sub-meterers within the fold for the future; it attempted to atone for past omissions by making the new provisions retroactive to 1937. This it sought to accomplish through a declaration that the 1941 amendments were to have the same force and effect as if enacted on May 7, 1937, the date when the original State utility tax law (L. 1937, ch. 321) first took effect. Under the circumstances we hold that this provision for full retroactivity " is so harsh and oppressive as to transgress the constitutional limitation." (*Welch* v. *Henry*, 305 U. S. 134, 147.) We do not think this is a case where " adequate forewarning " answers the question.

" Whether a statute which by its express terms is retroactive will be sustained is usually a question of degree." (*People ex rel. Beck* v. *Graves*, 280 N. Y. 405, 409.) The situation here is sufficiently like that in *People ex rel. Beck* v. *Graves* (*supra*) to require a similar result. The provisions of the 1941 amendments which make the newly-levied tax retroactive, all the way back to the birth of the utility tax, are invalid. There must be put to use, therefore, the saving clause of the 1941 amendments, which clause, looking to possible invalidity of the retroactive features, says that, in the event of a finding of such invalidity, the tax shall be applicable " to recent transactions since January first, nineteen hundred forty " ( as to taxing " prior but recent " transactions, see *Cooper* v. *United States*, 280 U. S. 409, 411). This limited retroactivity is not so oppressive as to be unconstitutional.

The order of the Appellate Division should be modified and the determination of the State Tax Commission reinstated insofar as it involves taxes on transactions since January 1, 1940, otherwise such determination of the Tax Commission should be annulled, without costs.

The order of the Appellate Division should be modified in accordance with this opinion and, as so modified, affirmed, without costs.

RIPPEY, J. (dissenting). In *Matter of 339 Central Park West, Inc.,* v. *Graves* (284 N. Y. 691) we held that petitioner was not a

utility in the sense of section 186-a of the Tax Law (L. 1937, ch. 321, as amd.) and, consequently, was not liable for the tax sought to be imposed under that section of the Tax Law upon a vendor of electricity to the tenants of its building. There is nothing in the underlying decisive facts in that case which distinguishes it from those in the case at bar.

By an amendment to that section as it existed in 1938 the Legislature, in 1941 (L. 1941, ch. 137), attempted to enlarge its definition of " utility " to embrace within the class subject to the incidence of the tax those sub-metering electricity and to apply it to that class retroactively to the date of the enactment of the original law in 1937 imposing the emergency tax on the furnishing of utility services.

The provision of the amendment by which attempt is made to apply the tax retroactively is unreasonable, arbitrary, capricious and unjust in violation of the due process clauses of the State and Federal Constitutions (*People ex rel. Beck* v. *Graves*, 280 N. Y. 405). The attempt to include all vendors of electricity by mere definition within the class subject to the tax without regard to the fact that the intent and purpose of the act is to tax public utilities only cannot succeed (*Matter of 339 Central Park West, Inc.,* v. *Graves, supra*).

The order should be affirmed, with costs.

LEHMAN, Ch. J., LOUGHRAN and FINCH, JJ., concur with DESMOND, J.; RIPPEY, J., dissents in opinion in which LEWIS and CONWAY, JJ., concur.

Ordered accordingly.