In the Matter of 436 West 34th Street Corporation, Appellant, against Joseph D. McGoldrick, as Comptroller of the City of New York, Respondent.

Argued April 28, 1942; decided July 29, 1942.

*Morway Picket* for appellant. The city's utility tax law is unconstitutional, arbitrary and discriminatory and violates article I, sections 6 and 11, of the State Constitution, to the extent that petitioner is subjected to the incidence of the tax therein specified. (*New York Rapid Transit Corp.* v. *City of New York*, 303 U. S. 573; *Matter of Vanderbilt*, 281 N. Y. 297; *Merchants Refrigerating Co.* v. *Taylor*, 275 N. Y. 113; *New York Steam Corp.* v. *City of New York*, 268 N. Y. 137; *New York Rapid Transit Corp.* v. *City of New York*, 275 N. Y. 258; 303 U. S. 573; *Carmichael* v. *Southern Coal & Coke Co.*, 301 U. S. 495; *Southwestern Oil Co.* v. *Texas*, 217 U. S. 114.)

*William C. Chanler*, Corporation Counsel (*Sol Charles Levine, Arthur A. Segall, Edmund B. Hennefeld* and *Raymond Herzog* of counsel), for respondent. Local Law No. 80 of 1940, which imposes the tax prospectively on the receipts from sales of electricity by submeterers to ultimate consumers, but exempts sales by public utility corporations to submeterers, is based on a proper tax classification and involves no denial of equal protection or due process. (*Central Savings Bank* v. *City of New York*, 280 N. Y. 9; *Bell's Gap Railroad Co.* v. *Pennsylvania*, 134 U. S. 232; *N. Y. Rapid Transit Corp.* v. *City of New York*, 303 U. S. 573; *Southern Boulevard R. Co.* v. *City of New York*, 86 Fed. Rep. [2d] 633; *Madden* v. *Kentucky*, 309 U. S. 83.)

Desmond, J. The Comptroller of the City of New York has made a determination that this appellant is subject to the provisions of New York City Local Law No. 80 of 1940 (Local Laws 1940, p. 365), and so liable to the payment of a utility tax to the city. Petitioner owns an apartment house in New York City. Its leases with its tenants require the tenants to purchase from petitioner such electric current as they require. Petitioner buys current from Consolidated Edison Company, of New York, Inc.,

uses some of it for its own requirements as landlord of the building, and distributes and sells the rest of it to the tenants. The Consolidated Edison Company delivers all this current to its "master meter" in petitioner's building; so much of it as is used by a tenant is transmitted to the tenant's apartment from the master meter through wires owned by the landlord, and recorded on one of 130 separate meters, owned by the landlord. The tenant pays the landlord for the current he uses at the same "retail" rate which the tenant would pay the Consolidated Edison Company if he dealt directly with the latter. This arrangement so works out mathematically that the landlord receives more from the tenant, for power used by the tenant, than the landlord pays Consolidated Edison Company for the same amount of current at "wholesale" rates. The landlord's charges to its tenants for sub-metered current are billed separately from, and not included in, the rent.

The 1934 City of New York Utility Tax Law (Local Law No. 21, 1934, published as No. 22) defined a "utility" to include any person subject to the supervision of the department of public service, and every person, whether or not subject to such supervision who should "engage in the business of furnishing or selling to other persons gas, electricity," etc. (Local Laws, 1934, p. 152, as amd. Local Law No. 2 of 1935.) In *Matter of 320 West 37th Street, Inc.*, v. *McGoldrick*, (281 N. Y. 132), we construed this Local Law (and similar Local Laws of 1935, 1936 and 1937) to apply only to persons actually engaged in the public utility business, as commonly understood. Landlords, we said, who resold current through sub-metering, but only as an incident to their ownership and operation of real property, were not included within the described coverage. Later we made a similar ruling, in *Matter of 339 Central Park West, Inc.*, v. *Graves* (284 N. Y. 691), as to the State Utility Tax Law (L. 1937, ch. 321; Tax Law, § 186-a; Cons. Laws, ch. 60) which, as it then stood, and so far as is here important, applied to the same persons as did the local laws mentioned above. (See *Matter of Lacidem Realty Corp.* v. *Graves*, 288 N. Y. 354, decided herewith.)

The city of New York thereupon took steps so to rewrite its statute as to make these landlords liable for this utility tax. Local Law No. 80 of 1940 of the City of New York imposed the tax on an additional category of persons, described as "vendors of utility services." A "vendor" is defined by the new Local Law as any-

one who, though not subject to the supervision of the department of public service, furnishes or sells electricity, gas, etc., " regardless of whether such furnishing, selling or operation constitutes the main activity of such person or is merely incidental thereto." These " vendors," so defined, are required by the statute to pay the tax, not on their whole gross income, as public service corporations must, but on the gross receipts of their submetering activities, only. Duplication of tax is avoided by exempting public service corporations from paying tax on moneys derived by them from sales to vendors of utility services for resale.

There cannot, of course, be any doubt that this Local Law, as so amended in 1940, was intended to cover everyone selling or reselling electric current, within the city of New York. Appellant does not dispute the applicability to it, in terms, of Local Law No 80 of 1940, but it presses upon us a claim that the statute, so applied, is unconstitutional.

Appellant's position is that this tax violates the " due process " and " equal protection " clauses of the State Constitution (art. 1, §§ 6, 11). The argument, simply stated, is that this appellant is not a public utility, has none of the characteristics of a public utility, and so cannot be made subject to a special tax upon utilities. But the city is not taxing appellant as a public utility. It has made its utility tax, so called, applicable to not one, but two, classes of persons: First, those engaged in the regular business of selling or furnishing publicly, gas, electricity, etc., and second, all those, called " vendors " in the statute, who sell or furnish those services, even though such sales and furnishings are incidental to other principal businesses. Plainly, this does not constitute an arbitrary or discriminatory lumping together into one class, for purposes of taxation, of essentially different subjects of taxation. All those made subject to this tax deliver electric, gas and similar services to the public, for a price. It is unnecessary to point out that the city could legally have levied an entirely separate tax on sub-metering. That it has chosen to list that tax in the same statute with a tax on regular public utility corporations is no argument against its validity. The effect of the combined coverages of this city statute is that every seller of electricity, at retail, pays the same tax, at the same rate and on the same base. Such taxing provisions cannot be

said to be based on fictions or on arbitrary or unreasonable assumptions of fact (see *Matter of Vanderbilt*, 281 N. Y. 297, 314). The classifications here under review show no sign of hostile or oppressive discrimination. It is perfectly well settled that a tax does not offend against the equal protection clause simply because it reaches some businesses and allows the escape of others that might have been covered in (*Matter of Schulte, Inc.*, v. *Graves*, 242 App. Div. 724; affd., 266 N. Y. 592). The question of constitutional validity disappears when it cannot be said that no state of facts reasonably justifying the classifications can be conceived (see *Bell's Gap R. R. Co.* v. *Pennsylvania*, 134 U. S. 232; *New York Rapid Transit Corp.* v. *City of New York*, 303 U. S. 573).

Appellant here relies largely upon certain language in this court's opinion in *Matter of Merchants Refrigerating Co.* v. *Taylor* (275 N. Y. 113), and our later comments on that case, in *Matter of 320 W. 37th St., Inc.*, v. *McGoldrick* (*supra*). In the *Merchants Refrigerating* case we decided that the city's Utility Tax Law was invalid in so far as it taxed the corporation on its receipts from that part of its business which consisted of sales of refrigeration to stores occupied by its tenants in its storage warehouses. (Local Law No. 2 of 1935 laid the tax on sales of refrigeration as well as of gas, electricity, etc.) In analyzing this *Merchants Refrigerating* decision we must remember that we were there passing on a determination of taxability which classed refrigeration companies with gas and electric companies under the all-inclusive definition of "utility," even though the refrigeration was produced on the company's own premises and the part sold to its tenants was only the surplus over its own needs. The *Merchants Refrigerating* decision is, plainly, based on the meaning of the phrase "engage in the business of furnishing or selling * * * refrigeration." (Local Law, No. 2, of 1935.) The company was "engaged" in such "business" only as incidental to its extensive warehousing business, and the statute did not then, as it does now, attempt to set up and cover separately another class, called "vendors," who sell such services, as incidental to other businesses. To take a warehouse company, with small incidental sales of refrigeration, and tax its *whole receipts* just like the gross receipts of the regular public utility companies, would have gone so far beyond the reasonable intendment of a

statute which, as it then stood, purported to tax only " utilities," that this court refused to find such a purpose in the language of the Local Law.

This court, in the *Merchants Refrigerating* case, did mention favorably, although it did not directly pass on, the contention of the taxpayer that the statute, if construed so as to cover its operations, would be arbitrary and discriminatory. But this contention ran mainly against the effort of the city to tax the company's *entire receipts*, only a little of which came from the sale of refrigeration. The effort to tax the whole income because this small proportion thereof bore some relation to what might be called a " utility " business, was held to be unreasonable and discriminatory. When, later on, we came to discuss the *Merchants Refrigerating* case in *Matter of 320 West 37th St., Inc.,* v. *McGoldrick (supra),* we rejected the argument that the apartment house owner, simply because it " has the benefit " of the Consolidated Edison Company's underlying franchise, was taxable as a " utility " under the Local Law. We did not say or suggest that a submetering landlord's receipts from the sale of current could not validly be made subject, under proper classification, to the same tax paid by utility companies on their receipts from the sale of current. There is a substantial measure of similarity between the two operations so taxed, and so the general rule, requiring, within reason, equal treatment for all similarly situated, has not been violated. We point out that this court, in the *Merchants Refrigerating* case, did sustain the imposition of the tax on so much of the company's receipts as come from that branch of its refrigerating business which had some of the characteristics of a " utility " business, *i. e.,* its sale of refrigeration by transmission through pipes laid in the streets, under a franchise from the city.

It follows that the Comptroller was correct in his determination that this appellant must pay this tax on its receipts from the sale to its tenants of submetered electric current.

The order should be affirmed, with costs.

RIPPEY, J. (dissenting). The petitioner paid the tax imposed by the city of New York under Local Law No. 80 of 1940, amounting to five dollars and eighty-eight cents for August and September, 1940, under protest in writing, and brought this proceeding under

article 78 of the Civil Practice Act to review the determination of the Comptroller, which denied petitioner's application for a refund. The Appellate Division unanimously confirmed, without opinion, the determination of the Comptroller, and petitioner comes here under subdivision 1 of section 588 of the Civil Practice Act upon constitutional grounds.

The petitioner in this proceeding is a domestic stock corporation and the owner of premises known as 436–440 West Thirty-fourth street, an apartment house located in the borough of Manhattan, and is engaged exclusively in the ownership and operation of those premises. Incidental to its ownership it supplies the tenants of the building with electric current which it purchases from the Consolidated Edison Company of New York, Inc., pursuant to a schedule of rates issued by that company with the approval of the Public Service Commission. Through a city-wide servicing organization, the Electric Meter Corporation, it submeters the electricity and separately bills each tenant for the amount he uses at the rates used by the Consolidated Edison Company for its retail sales. It thus makes a profit on the resale of the electricity. The billing is entirely separate from the rent or any other charges that may be made to the tenants. All of the electric wiring in connection with the service and the submeters belong to the petitioner and are located exclusively within petitioner's property. Concededly, the business so conducted is purely incidental to the real estate business of the petitioner. No use is made of the city streets and no permit is granted or required from the city or the State. The petitioner claims that it is not a vendor of public services, that it sells the electric current to its tenants as a private commodity and service distinct and separate from any utility characteristics. The petitioner is not subject in the conduct of its business to supervision by the Public Service Commission of the State or to supervision by any local department or agency, nor does it have the benefit of supervision of any such agency nor possess any of the advantages or characteristics of public utilities. Our decision here must be controlled by *Matter of 320 West 37th Street, Inc.,* v. *McGoldrick* (281 N. Y. 132) where the facts are identically parallel and by *Matter of Merchants Refrigerating Co.* v. *Taylor* (275 N. Y. 113) where the applicable underlying principles stated are decisive.

The tax here exacted was imposed under Local Law No. 80 of 1940 as specifically enacted to overcome, if possible, the effect of our decisions in the *Taylor* case and in *Matter of 320 West 37th Street, Inc.* That law still defines " utility " as including " Every person subject to the supervision of either division of the department of public service." Here we have seen that this petitioner is not subject to the supervision thereof. That law defines the words " Vendor of utility services " as follows: " Every person not subject to the supervision of either division of the department of public service who furnishes or sells gas, electricity, steam, water, refrigeration, telephony and /or telegraphy, or furnishes or sells gas, electric, steam, water, refrigeration, telephone or telegraph service, or who operates omnibuses, (whether or not such operation is on the public streets); regardless of whether such furnishing, selling or operation constitutes the main activity of such person or is merely incidental thereto." It is asserted that it has specifically included this petitioner and others similarly situated within the class who must pay the tax by removing the limitation to those who are subject to the supervision of either division of the Department of Public Service and by the provision, at the end of the paragraph, which makes the vendor liable regardless of whether the furnishing of the electricity is its main activity or only incidental thereto.

The petitioner alleges and it is conceded by respondent that landlords renting space, power and light, and /or water, and /or steam, included at a fixed rental per month are not subject to the incidence of the tax specified in Local Law No. 80 of 1940. The mere fact that there has been added to the previous utility tax laws the provision that it is applicable to the vendor of electricity regardless of whether the sale constitutes its main activity or is merely incidental thereto does not change the principles which are decisive of the case at bar. Whatever else may be said, the tax is a utility tax, yet the services performed rest upon none of the attributes of a public utility business. The business of petitioner possesses none of the characteristics of other utilities. It is not subject to the protective features of the Public Service Law (Cons. Laws, ch. 48) nor is it under the supervision of public authority; it is not itself dependent for operation upon any public franchise and it possesses no advantages over general business which

is exempt from the tax.   Under identical circumstances we have held in the *Taylor* case (275 N. Y. 113) that a similar local law was unconstitutional.   Taxes are not imposed upon fictions but only in reason (*Matter of Vanderbilt*, 281 N. Y. 297, 314).

Since by construction the Local Law cannot apply to the tax which it imposes or, if otherwise considered, it would be unconstitutional, the possibility that it averts double taxation or that it attempts to make a " vendor " as well as a distributor liable for the tax becomes immaterial.

The order appealed from should be reversed and the determination of the Comptroller annulled, with costs in all courts.

LEHMAN, Ch. J., LOUGHRAN and FINCH, JJ., concur with DESMOND, J.; RIPPEY, J., dissents in opinion in which LEWIS and CONWAY, JJ., concur.

· Order affirmed.