In the Matter of DONALD MACDONALD et al., as Executors of H. MABEL MACDONALD, Deceased, Appellants, against ROLLIN BROWNE et al., Constituting the State Tax Commission, Respondents.

Argued April 10, 1945; decided May 24, 1945.

*Harold J. Treanor* and *Morway Picket* for appellants.  In taxing petitioners under section 186-a of the Tax Law, the Legislature has made an unreasonable, arbitrary and discriminatory classification, which is void under the Fourteenth Amendment of the Federal Constitution.  (*Nashville, C. &*

*St. L. Ry. Co.* v. *Taylor,* 86 F. 185; *Fid. Mut. Life Assn.* v. *Mettler,* 185 U. S. 308; *Colgate* v. *Harvey,* 296 U. S. 404; *Missouri, etc., Ry. Co.* v. *May,* 194 U. S. 267; *Barrett* v. *Indiana,* 229 U. S. 26; *Union Sulphur Co.* v. *Reed,* 249 F. 172.)

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown* and *Orrin G. Judd* of counsel), for respondents. Section 186-a of the Tax Law, as amended by chapter 137 of the Laws of 1941, does not violate the due process or equal protection clauses of the United States Constitution. (*Matter of 436 West 34th St. Corp.* v. *McGoldrick,* 262 App. Div. 1002, 288 N. Y. 346; *Matter of Lacidem Realty Corporation* v. *Graves,* 263 App. Div. 428, 288 N. Y. 354.)

*Per Curiam.* The appellants, as executors of the estate of H. Mabel MacDonald, are the owners of a four-story building at 115 Lenox Avenue, New York City, and they lease stores, offices and assembly rooms in the building to tenants to whom they furnish water and electricity. By proceedings brought in accordance with the provisions of article 78 of the Civil Practice Act they have challenged the determination of the respondents " constituting the State Tax Commission of the State of New York " that they are subject to the tax imposed by section 186-a of the Tax Law (as amd. by L. 1941, ch. 137) upon " the gross operating income " received by them upon the " sale " or the " furnishing " of electricity and water to some of the tenants. The Appellate Division has unanimously confirmed the determination and the appellants have appealed from the order of the Appellate Division.

In the Appellate Division and in this court they have contended that if the statute " is construed to include the petitioners within the purview of the tax therein provided ", the determination of the Tax Commission and the law upon which it is predicated

" are illegal, void and unconstitutional and violate the Constitution of the United States of America in that

" (a) they are predicated on erroneous assumptions of fact;

" (b) they are discriminatory and single out one group or a class of business, and treat that group or class differently from other groups or classes similarly situated, and thus violate the Constitution of the United States, more particularly Amendments 5 and 14 thereof; and

" (c) the tax is arbitrarily and unreasonably imposed upon certain landlords and not upon other landlords similarly situated, performing like services and functions, all in violation of the Constitution of the United States, more particularly Amendments 5 and 14 thereof."

In *Matter of Lacidem Realty. Corp.* v. *Graves* (288 N. Y. 354) and *Matter of 436 W. 34th St. Corp.* v. *McGoldrick* (288 N. Y. 346) this court rejected a challenge of the validity of the statute when construed in the same manner as it has been construed in this case, on the ground that it violated the provisions of the Constitution of the State of New York. The contentions that the statute violates similar provisions of the Constitution of the United States are properly raised in this case and must necessarily be decided by this court. In principle the question is the same as the question presented and decided in the cited cases, and for the reasons stated in the opinions in those cases the order of the Appellate Division is affirmed.

The order should be affirmed, with costs.

LEHMAN, Ch. J., LOUGHRAN, LEWIS, CONWAY, DESMOND, THACHER and DYE, JJ., concur.

Order affirmed.