In the Matter of SYRACUSE UNIVERSITY, Petitioner, against JOSEPH H. MURPHY et al., Constituting the State Tax Commission, Respondents.

Third Department, May 16, 1960.

*Bond, Schoeneck & King* (*William D. Johnson* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General* (*Edwin R. Oberwager* and *Paxton Blair* of counsel), for respondents.

COON, J.  Syracuse University is an educational corporation, chartered by special act of the Legislature, exclusively for educational purposes.  It owns and operates a steam plant primarily for the purpose of producing steam to heat its own buildings.  However, at least during the period here involved (1940 to 1955), it produced surplus steam which it sold to public or charitable institutions near the campus.  It furnished no steam to private or commercial enterprises.  The cost of production was charged pro rata in accordance with the quantity used.  The university was by far the largest user, using more than all the others combined.  No person derived any profit from the sale of the steam, and the university derived no profit except as the spreading of overhead and cost of production reduced the cost of the steam used for its own purposes.  Such a benefit probably must be considered profit, but it inured to the benefit of the university in furtherance of its general educational purposes.  The commission has held that the university is a utility subject to a 2% tax on the gross receipts from the sale of steam under section 186-a of the Tax Law.

The statute, in its pertinent parts, reads:  " Notwithstanding any other provisions of this chapter  *  *  *  a tax equal to two per centum of its gross income  *  *  *  is hereby imposed upon every utility doing business in this state which is subject to the supervision of the state department of public service  *  *  *  and  *  *  *  upon every other utility doing business in this state  *  *  *  which taxes shall be in addition to any and all other taxes and fees imposed by any other provision of law  *  *  *.  2.  *  *  *  the word ' utility ' includes every person  *  *  *  who sells gas, electricity, steam, water  *  *  *  regardless of whether such activities are the main business of such person or are only incidental thereto ".  The university contends that the tax imposed by section 186-a is not a tax on sales but is a tax on utilities *doing business* in this State, measured by the amount of service furnished.

The question presented is whether the university is within the class intended to be taxed.  We think the more reasonable

interpretation of the statute is that the Legislature did not intend to include educational corporations. When the Legislature used the terms " doing business " and " incidental " to the " main business ", some significance must be given to the words, and they certainly do not suggest the inclusion of an educational corporation organized and operated without a profit motive.

Concededly the university does not come within the first subdivision of section 186-a because it is not subject to regulation by the Public Service Commission. When the Legislature added the words in subdivision 2 " regardless of whether such activities are the main business of such person or are only incidental thereto ", it did so to overcome the effect of the decision in *Matter of 339 Central Park West* v. *Graves* (260 App. Div. 265, affd. 284 N. Y. 691) that submetering of electricity by apartment house owners was not taxable. (See *Matter of Lacidem Realty Corp.* v. *Graves,* 288 N. Y. 354; *Matter of Fonda, Johnstown & Gloversville R. R. Co.* v. *State Tax Comm.,* 3 A D 2d 178, affd. 3 N Y 2d 853.) Seeking to bring business and profit-seeking corporations which submetered electricity at a profit would not evidence any intent to include educational corporations without saying so.

It may be debatable whether that part of the university's activities consisting of furnishing steam at cost to public institutions constituted " doing business ". But assuming that it did, it certainly was not the " main business " of the university and could not be " incidental " to the " main business " of the university because it had no " main business ". Its principal purpose and undertaking was not business at all, but education. Any well-founded doubt as to the meaning defeats the tax, and the statute should be construed against the taxing authority. (*People ex rel. Mut. Trust Co.* v. *Miller,* 177 N. Y. 51, 56.)

It has long been recognized that the State derives a benefit from educational institutions, and the public policy of the State is against the imposition of taxes upon them. (N. Y. Const., art. XVI, § 1; Tax Law, § 4, subd. 6; regulation 150-b, subd. [2] under article 9-A of the Tax Law.)

In 1955 the statute was amended to specifically exclude corporations organized and operated exclusively for religious, charitable or educational purposes therefrom. (L. 1955, ch. 181.) Respondents urge that this indicates that such organizations were subject to the tax theretofore. This does not necessarily follow. It is as logical to assume that the Legislature intended to expressly remove any possible doubt about the question.

The determination should be annulled and the matter remitted to the respondents for the purpose of granting the refund, with $50 costs to petitioner.

BERGAN, P. J., GIBSON, HERLIHY and REYNOLDS, JJ., concur.

Determination annulled, with $50 costs.