THE PEOPLE OF THE STATE OF NEW YORK ex rel. MARION A. B. BECK et al., Appellants, against MARK GRAVES et al., Constituting the STATE TAX COMMISSION, Respondents.

Argued March 6, 1939; decided May 23, 1939.

*Watson Washburn, Randolph E. Paul* and *Royal E. Mygatt* for appellants. Since appellants' income from Minnesota realty was not subject to New York State income tax according to the statute in force during the calendar years 1930 to 1933, and since such income was first subjected to tax by chapter 933 of Laws of 1935, such amendment, in so far as it attempted to levy a tax retroactively on incomes received prior to the calendar year 1935, was unconstitutional, being an attempt to take property without due process of law, and also to deprive appellants of the equal protection of the laws. (*Von Baumbach* v. *Sargent Land Co.*, 242 U. S. 503; *Lake Superior Mines* v. *Lord*, 271 U. S. 577.; *People ex rel. Pierson* v. *Lynch*, 237 App. Div. 763; 263 N. Y. 533; *People ex rel. Cohn* v. *Graves*, 246 App. Div. 335; 271 N. Y. 353; *Untermyer* v. *Anderson*, 276 U. S. 440; *City Bank Farmers Trust Co.* v. *New York Central R. R. Co.*, 253 N. Y. 49; *Forbes Boat Line* v. *Board of Commissioners*, 258 U. S. 338; *Ettor* v.

*City of Tacoma,* 228 U. S. 148; *City of Seattle* v. *Kelleher,* 195 U. S. 351.) Minnesota having imposed an income tax on these royalties in 1933, the imposition of a duplicate income tax on the same 1933 income by New York State contravenes the due process clause of both the New York State and the Federal Constitutions. (*First Nat. Bank* v. *Maine,* 284 U. S. 312; *Shaffer* v. *Carter,* 252 U. S. 37; *Travis* v. *Yale & Towne Mfg. Co.,* 252 U. S. 60; *Oliver Iron Mining Co.* v. *Lord,* 262 U. S. 172; *Frick* v. *Pennsylvania,* 268 U. S. 473; *Farmers' Loan & Trust Co.* v. *Minnesota,* 280 U. S. 204; *Baldwin* v. *Missouri,* 281 U. S. 586; *Beidler* v. *South Carolina Tax Comm.,* 282 U. S. 1; *Wheeling Steel Corp.* v. *Fox,* 298 U. S. 193; *Safe Deposit & Trust Co.* v. *Virginia,* 280 U. S. 83; *City Bank Farmers Trust Co.* v. *Schnader,* 293 U. S. 112; *Senior* v. *Braden,* 295 U. S. 422.)

*John J. Bennett, Jr., Attorney-General (Joseph M. Mesnig* of counsel), for respondents. The 1935 amendment of section 359 of the Tax Law (Cons. Laws, ch. 60) was purely a clarifying amendment and imposed no new or additional tax. (*People ex rel. Pierson* v. *Lynch,* 237 App. Div. 763; 263 N. Y. 533; 293 U. S. 52; *People ex rel. Cohn* v. *Graves,* 246 App. Div. 335; 271 N. Y. 353; 300 U. S. 308.) An income tax, measured by a resident's entire net income, including rents and royalties from real property located outside the State, involves no infringement of the taxpayer's rights under the Constitution of the United States or of the State of New York. (*New York ex rel. Cohn* v. *Graves,* 300 U. S. 308; *Guaranty Trust Co.* v. *Virginia,* 305 U. S. 19.)

HUBBS, J. Appellants, husband and wife, during the time here in question, were residents of this State. Each owned an interest in ore lands located in the State of Minnesota. The lands were being operated under mining leases, and they, as fee owners, received from the lessees royalties based on the tonnage of ore removed. For the years 1930 and 1931 they paid a State income tax on the amount of royalties received. In 1933 a claim was duly made against the State for a refund of the 1930 and 1931

taxes so paid. In a joint return, filed for 1933, appellants did not include in the statement of taxable income the royalties, although they stated the amount of such royalties. The State assessed an additional tax upon such royalties and appellants paid it under protest. Since January 1, 1933, the State of Minnesota has imposed an income tax on royalty income of non-residents received from mining leases on lands located in that State.

The income taxes assessed against appellants for the years 1930, 1931 and 1933 were assessed under section 359 of the Tax Law (Cons. Laws, ch. 60), as amended in 1935. (Laws of 1935, ch. 933.) This section, as amended, reads (new matter italicized):

" § 359. The term ' gross income ':

" 1. Includes gains, profits and income derived from salaries, wages or compensation for personal service, of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, *and whether situated within or without the state,* growing out of the ownership or use of or interest in such property; also from interest, rent (*including rent derived from real property situated outside the state*), dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever, including gains or profits or income derived through estates or trusts by the beneficiaries thereof, whether as distributed or as distributable shares, *it being intended to include all of the foregoing items, without regard to the source thereof, location of the property involved, or any other factor, except only a case where the inclusion thereof would be violative of constitutional restrictions.* The amount of all such items shall be included in the gross income for the taxable year in which received by the taxpayer, unless, under the methods of accounting permitted in this article, any such amounts are to be properly accounted for as of a different period; but

" § 2. *This act shall be retroactive to January first, nineteen hundred nineteen.*

" § 3. This act shall take effect immediately."

(May 16, 1935)

Prior to the amendment the case of *People ex rel. Pierson* v. *Lynch* (263 N. Y. 533; writ of certiorari dismissed, 293 U. S. 52) came before this court and it was decided that income received by residents of this State from rental of real property located in another State was not taxable under section 359 as it then read.

Subsequent to the amendment the case of *People ex rel. Cohn* v. *Graves* (271 N. Y. 353; affd., 300 U. S. 308) was decided by this court, and it was held that rentals received by residents of this State in 1931 and 1932 from land situated in another State were taxable as income. In that case it was not contended that the assessments were void because of the retroactive clause contained in the amendment of section 359, and for that reason the United States Supreme Court did not pass upon that question.

Appellants here contend that the amendment of 1935 is void because it is violative of the " due process " clause of the State and Federal Constitutions (U. S. Const., 14th Amendt.; N. Y. Const., art. 1; § 6); also that it is unreasonable and arbitrary.

While it is true that not all retroactive statutes are void, nevertheless, it is a fundamental rule of construction that retroactive operation of statutes is not favored by courts and will not be given such construction unless the language expressly or by necessary implication requires it. Whether a statute which by its express terms is retroactive will be sustained is usually a question of degree.

Taxing statutes which by their terms were retroactive for short periods have been.held to be valid. No case has ever held such a statute to be valid which attempted to permit a retroactive assessment of a tax for as long a period as sixteen years. The case of *Welch* v. *Henry* (305 U. S. 134), relied upon by respondents, related to a Wisconsin income tax statute which by its terms was retroactive for a period of two years. The act declared it was an emergency

tax statute, enacted to provide revenue for " unemployment relief purposes." It was enacted at the first session of the Legislature at which tax legislation could be considered, as regular sessions of the Legislature in that State are held in each odd-numbered year. In that case the State Supreme Court, in holding the statute valid, said that the statute might " approach or reach the limit of permissible retroactivity " but that it could not say it exceeded it. (223 Wis. 319, 327.) Justice STONE, writing for the United States Supreme Court, said: " Assuming that a tax may attempt to reach events so far in the past as to render that objection valid, we think that no such case is presented here." (p. 148.) He called attention to cases which decided statutes valid which were retroactive for a period of one year. The case is not authority for holding a statute valid which purports to allow the collection of a tax on income received sixteen years before its passage. In fact, the implication of the opinion is that such a statute would not be valid.

" The constitutional validity of law is to be tested, not by what has been done under it, but what may, by its authority, be done." (*Stuart* v. *Palmer*, 74 N. Y. 183, 188; *People ex rel. Barnard* v. *Wemple*, 117 N. Y. 77, 84; *Gilman* v. *Tucker*, 128 N. Y. 190, 200; *City of Rochester* v. *West*, 164 N. Y. 510; *Matter of Richardson*, 247 N. Y. 401, 421; *Rosalsky* v. *State of New York*, 254 N. Y. 117, 121.)

Prior to the amendment of 1935 it was settled law in this State that the income in question was free from taxation. (*People ex rel. Pierson* v. *Lynch*, *supra.*) The amendment cannot, therefore, be treated as a clarifying statute.

We believe the amendment is unreasonable, arbitrary, capricious and palpably unjust.

The order of the Appellate Division should be reversed and the determination of the State Tax Commission annulled, the refund allowed, and the assessment for the year 1933 canceled, with costs to the appellants in all courts.

LEHMAN, J. (dissenting). In my opinion the validity of the retroactive amendment was presented and decided in

*People ex rel. Cohn* v. *Graves* (271 N. Y. 353; affd., 300 U. S. 308). I should reach the same conclusion if the question were open. A new article (16) imposing a tax upon every resident of the State " with respect to his entire net income," as therein defined, was added to the Tax Law by chapter 627 of the Laws of 1919. " Net income " was defined as " the gross income of a taxpayer less the deductions allowed by this article." (§ 357.) Section 359, before its amendment, stated, so far as material to the question before us, " the term ' gross income:' (1) includes gains, profits and income derived from * * * dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property." Giving to the words of the statute their ordinary meaning, the tax authorities of the State and taxpayers alike assumed that gross income included income derived from real property outside the State. The Appellate Division unanimously gave the statute the same construction, but this court, in order to escape serious doubt as to the power of the State to tax such income, gave to the statute in the *Pierson* case a strained construction, excluding such income from its scope. The amendment made to section 359 of the Tax Law by chapter 933 of the Laws of 1935 was intended and could have no effect other than to include in taxable income all income received by the taxpayer " without regard to the source thereof, location of the property involved, or any other factor, except only a case where the inclusion thereof would be violative of constitutional restrictions."

The Legislature cannot, I agree, in the guise of " clarification " of a statute, change retroactively the *construction* which the courts have placed upon the statute in original form. Income not subject to tax prior to 1935 becomes taxable after that date by force of the amendment of the statute. The question here is whether the Legislature may retroactively subject to the tax income previously exempt. It may be conceded that ordinary tax legislation enacted in 1935 intended to subject to an income tax income received during the previous sixteen years by a taxpayer

412

who during all those years had no notice that he might be required to pay a tax on such income would be so arbitrary that it would constitute a depreciation of property without due process of law. That is not the purpose or effect of the statute. The Legislature has merely given to the statute retroactively the meaning which courts other than this court, tax authorities and taxpayers, including these appellants, placed upon the statute until the *Pierson* case. The narrow construction which this court placed upon the statute was inextricably connected with doubt as to the constitutionality of the statute otherwise construed. That doubt has now been removed. Differentiation between income received from property within the State and income received from property outside of the State has no longer any basis in economics or in law. The theory " which once won a qualified approval, that a tax on income is legally or economically a tax on its source, is no longer tenable," citing *New York ex rel. Cohn* v. *Graves* (300 U. S. 308); *Graves* v. *New York* (83 U. S. Sup. Ct., Law Ed. 577). The taxpayers are not challenging a new assessment unexpectedly imposed upon them. On the contrary, they are seeking a refund of taxes which they voluntarily paid on income received for the calendar years 1930 and 1931 and an order canceling the assessment for the year 1933, when the relators well knew that the State was claiming, as it had claimed for fourteen years before, that the tax *as assessed* was due under the statute as it then existed. The provision that the amendatory statute is retroactive to the date when the original statute was enacted does not give the State any power to make a *new assessment*, except within the short period fixed by the statute for revision of returns filed or for making an estimate of taxable income where the taxpayer has failed to make a return. (Cf. Tax Law, § 373.) The burden placed upon the taxpayer by such retroactive legislation seems to me fair and reasonable.

The order of the Appellate Division should be affirmed.

LOUGHRAN, FINCH and RIPPEY, JJ., concur with HUBBS, J.; LEHMAN, J., dissents in opinion in which CRANE, Ch. J., and O'BRIEN, J., concur.

Ordered accordingly.