JACOB SLIPOCK, Plaintiff, *v.* EVA SLIPOCK, Defendant.

Supreme Court, Special Term, Kings County, June 19, 1945.

*Samuel Finkel* for defendant.

*Thomas Cooper Byrnes* for plaintiff.

RUBENSTEIN, J. On February 3, 1938, a final judgment was entered in favor of plaintiff annulling his marriage to defendant,

based upon her insanity at the time of the marriage. The judgment was silent concerning the custody of the daughter of the parties but since its entry she has resided with and has been supported by the plaintiff.

Heretofore defendant moved to amend the judgment by requiring plaintiff to provide for her support and to grant her the right of visitation. This latter branch of the motion was referred to an Official Referee to hear and report whether it was for the best interests of all concerned that the defendant should be granted such permission and, if so, under what restrictions and conditions. The Referee's report and the testimony have now been submitted for the court's consideration. In view of the consents of the plaintiff and the child, the Referee's report will be confirmed and the defendant will be permitted to visit her daughter for half an hour on each Friday after school hours, at plaintiff's home.

" Courts have jurisdiction over the marriage relation, its incidents and its ultimate consequences only as such jurisdiction is conferred by statute * * *." (*Waddey* v. *Waddey*, 290 N. Y. 251, 253.)

When the judgment in the present case was entered there was no statute in effect which required a successful plaintiff husband to provide for the support of a wife for whose fault the judgment of annulment was granted. Nor was there any reservation in respect thereto written into the judgment, as in *Fox* v. *Fox* (263 N. Y. 68) and *Karlin* v. *Karlin* (280 N. Y. 32).

Subsequently, and effective September 1, 1940, by the enactment of section 1140-a of the Civil Practice Act (L. 1940, ch. 226) provision was made for support of the wife in an action brought to annul a marriage or to declare the nullity of a void marriage, and defendant predicates her motion for alimony upon that section. Significantly, the granting of defendant's application for alimony would, in effect, be giving retrospective application to a statute which exhibits no such intent; nor is there anything in the Law Revision Commission's Report (1940 Report of N. Y. Law Revision Commission, p. 238 *et seq.*) which indicates that it was to have any such retroactive effect. In this connection it is a fundamental rule of construction that retroactive operation of statutes is not favored by the courts, and statutes will not be given such construction unless the language expressly or by necessary implication requires it. (*People ex rel. Beck* v. *Graves*, 280 N. Y. 405, 409.) As pointed out above, defendant had no valid claim to support when the

present judgment was originally entered and the Legislature may not create any such right for her, particularly so when it would affect the vested rights of the plaintiff. What was stated by the Court of Appeals in *Waddey* v. *Waddey* (290 N. Y. 251, *supra*) is clearly applicable to the situation presented here and is determinative of the issues. There the court said (p. 254): " It is a settled rule of statutory construction that the provisions of a statute will not be applied retrospectively where they are capable of any other construction unless the intent of the Legislature to the contrary clearly appears (*New York & Oswego Midland R. R. Co.* v. *Van Horn,* 57 N. Y. 473, 477; *Walker* v. *Walker,* 155 N. Y. 77, 81). There is nothing in the statutory provision that exhibits any intent other than that it should apply prospectively only. We cannot read into it something that is not there. * * * Even though the Legislature had indicated by express declaration its intent that the act should have retrospective application, it would not be effective as to decrees entered prior to the date it went into effect since the right of appellant to alimony became a vested property right upon the entry of the judgment and could not be affected by subsequent legislation (*Livingston* v. *Livingston,* 173 N. Y. 377)."

That part of defendant's motion which seeks alimony is therefore denied. Settle order on notice forthwith.