Dore, J.
(dissenting in part). This proceeding is brought under the so-called alternative method of fixing rent contained in a 1949 amendment adding a paragraph to section 4 of the Commercial Rent Law (L. 1945, eh. 3, as amd. by L. 1949, ch. 534). That amendment incorporates by reference the provisions in the prior first paragraph of the section that the rent to be fixed shall be based on the fair rental value of the space “as of the date of the application to the supreme court ”. Obviously some date must be fixed in advance of trial, otherwise during trial the date would vary as of the day when the particular witness was testifying; and, as the date of decision cannot be forecast, that date could not be taken as a basis for testimony of fair rental value. The quoted clause, accordingly, *692 merely fixes in advance a date on which the testimony of fair ental value shall be based; but it does not go further, as the . Federal regulations do, and provide that the rent so fixed shall be retroactive. Our State statute in this respect is unlike the Federal regulations. Thus, the Controlled Housing Rent- Regulation for the New York City Defense-Rental Area (§ 825.2, subd. 13; 13 Federal Register 1866) provides that the adjustment in the maximum rent shall be effective as of the date of the landlord’s petition (Wasservogel v. Meyerowitz, 300 N. Y. 125; cf. Bowles v. Willingham, 321 U. S. 503, 512).
The 1949 amendment to the statute providing for the alternative method also further expressly provides that, when the court has determined the fair rental value: “ Thereafter the landlord shall be entitled to receive rent at the rate per square foot so determined and the court shall fix at such rate the rent of any tenant occupying commercial space * * * who is paying rent at a rate per square foot less than the fair rental value so fixed.” (Italics ours.) Accordingly, at least in an alternative proceeding such as this, the rent fixed should be effective only as of the time of decision and not as of the date of application. The hardships are obvious that are involved in imposing on tenants increases in rent that may go back retroactively for six or eight or more months. Such hardships should not be imposed unless the mandate of the statute clearly and unmistakably directs such imposition. The most reasonable and plausible interpretation is to the contrary, i.e., the rent fixed should not be made effective until the decision. Except as to the date when the rent fixed becomes effective, we concur in the majority opinion.
The amendment enacted by chapter 327 of the Laws of 1950 in effect on March 31,1950, referred to in the concurrent opinion herein, was not in effect at the time this proceeding was commenced and the specific amendment in question is not made applicable to pending proceedings. That new amendment now expressly provides that after fixation of rent by the alternative method the landlord shall be entitled to rent 1 ‘ dating from the time the application was made.” (Matter in italics new.) If the Legislature considered that such express amendment to the law was necessary to provide for retroactive payment, it is a fair inference that the law prior to such amendment had no such mandatory requirement. The rules of statutory construction regarding amendatory statutes is settled in New York. Thus the authoritative and comprehensive report of the Board of Statutory Construction (McKinney’s Cons. Laws of N. Y., *693 Book 1, Statutes [1942 eel], § 52) discussing amendatory statutes says: “ But in New York this rule has been disregarded for a long time, and it is now settled that an amendatory statute has no more retroactive effect than an original independent statute upon the same subject framed in the' same language would have. Thus, it is the general rule that an amendment will have prospective application only, unless its language clearly indicates that it shall receive a contrary interpretation.” Citations too numerous to mention are appended to sustain that settled rule.
Furthermore, the 1950 law provides that it “ shall take effect immediately ” and such provision in an amendatory statute excludes the idea that it should be retroactive. New provisions normally apply only from the date of enactment.
Finally, the amendment relied on for retroactivity of the rent is not made applicable to pending proceedings. In subdivision 2 of section 4 the new law provides that in no event shall the tenant’s rent be fixed in excess of 15% and expressly adds “ and such limitation shall apply * i;s * to such additional alternative proceedings pending at the time this subdivision as hereby amended takes effect ”. The applicability of the law to pending proceedings was thus by the express terms of the act made applicable to pending "proceedings so far as the 15% limitation is concerned, but there is no such provision as to the retroactive payments. This is as it should be because retroactive operation of statutes is not favored (Feiber Realty Corp. v. Abel, 265 N. Y. 94; People ex rel. Beck v. Graves, 280 N. Y. 405). All statutes are presumed to furnish a rule for future action and a law will not receive a retroactive construction unless its language either expressly or by necessary implication requires such construction.
Accordingly, we dissent in part as to the retroactive effect of the rental increase and vote to construe the applicable statute so as to make the increase effective as of decision date and not date of application.
Peck, P. J., and Shiektag, J., concur with Yak Yoorhis, J., in result in an opinion; Dore, J., concurs except as to setting effective date of rental increase at time of application to Supreme Court, as to which he dissents and votes, in an opinion in which Cohk, J., concurs, to construe the statute as amended by chapter 534 of the Laws of 1949, so as to make the increase effective as of the date of the decision.
Order reversed, with costs to the respondent-appellant and a new trial ordered.