Keating, J.
The procedural history of this case is complex, but the issue presented may be fairly and simply stated: Is an amendment to section 251 of the Tax Law, which authorizes the City of New York to obtain judicial review of determinations of the New York State Tax Commission, constitutional when applied to determinations which were otherwise unreviewable on the date the amendment was enacted? The answer to this question requires an exploration into the slippery area of so-called ‘ ‘ vested rights ’ \
In August, 1964 petitioner, Chrysler Properties, Inc., sought to record a mortgage instrument in the office of the Register of New York County. At the same time, it applied for an exemption from the mortgage recording tax on the ground that no loans of new money were involved. The application was rejected and the petitioner paid the tax under protest.
Pursuant to section 251 of the Tax Law, petitioner then applied to the State Tax Commission for a refund contending that $67,500 had been erroneously collected. On March 20, 1967 the commission ordered a refund. The order itself directed the recording officer of New York County to make the refund. Demand was made, and, when he refused, petitioner commenced this article 78 proceeding to enforce the order by compelling payment.
It is conceded by the city that, as the law stood on March 20, 1967, the order of the commission was, for all purposes rele *518 vant here, final, and consequently the article 78 proceeding was essentially in the form of a mandamus proceeding since neither the city nor the recording officer was authorized to seek review of the order in the courts (Matter of City of New York v. New York Univ., 3 A D 2d 954).
On April 24, 1967 the Governor signed into law chapter 499 of the Laws of 1967 amending section 251 of the Tax Law. That amendment granted the city the right to seek review of a recording officer’s determination before the commission and thereafter to seek judicial review of adverse determinations of the commission. The amendment was made retroactive to determinations of the commission made after January 1, 1967.
On the basis of this new law, Special Term in an order dated June 7, 1967 denied the petition without prejudice to renewal within 90 days in order to afford the city an opportunity to present its case to the commission. The city promptly moved for a new hearing and for reconsideration before the commission. On June 27, 1967 petitioner renewed its article 78 proceeding and also moved for a stay of an article 78 proceeding brought by the city in Albany County to review the determination of the commission. On July 25, 1967 the motion for a stay was denied and the petition for a refund was dismissed ‘[1] without prejudice to renewed application after final determination of the City of New York’s proceedings to review the determinations of the State Tax Commission now pending in the Supreme Court, Albany County ’ ’.
Thereafter, the Appellate Division (First Department) unanimously affirmed the order of the Supreme Court without opinion. Petitioner has taken an appeal as of right to this court on constitutional grounds, alleging that the amendment to section 251 of the Tax Law unconstitutionally deprived petitioner of its right to a tax refund ordered by the commission and therefore, as a matter of law, it is entitled to judgment.
When embarking on a journey into the realm of “ vested rights ’ ’, it is dangerous indeed not to proceed with great caution for the concept is a fiction and hides many unmentioned considerations of fairness to the parties, reliance on pre-existing law, the extent of retroactivity and the nature of the public interest to be served by the law. (Hochman, Retroactive Legislation, 73 Harv. L. Rev. 692.) The modern cases reflect more *519 candid considerations of these relevant factors as well as a less inflexible view of the right of the Legislature to pass retroactive legislation. In any event, this is an area where broad conclusions are to be studiously avoided for it is impossible to predict in advance how in each concrete case the various factors will line up. On balance, we have concluded that the petitioner is entitled to judgment directing payment and that, on the date this proceeding was commenced, the money was due and owing, that appellant had obtained a sufficiently certain right to the money and that the later amendment, which was made retroactive without any discernible reason, cannot alter its right to payment.
No case cited by the parties is squarely in point, but the cases abound in dicta. Petitioner cites two cases both of which contain powerful language in support of its position. In Germania Sav. Bank v. Village of Suspension Bridge (159 N. Y. 862) petitioner finds its greatest support. The right of appeal to the Court of Appeals at the time of judgment was limited to actions where the amount demanded in the complaint was in excess of $500. Sixteen months after judgment a statute was enacted permitting appeals in cases involving a lesser amount. This court held it was not intended that the statute have retroactive effect, and hence the appeal should be dismissed. The opinion, however, relied upon the view that, had the statute been given retrospective effect, it would be unconstitutional. This passage in Judge Vann’s opinion is most relevant (159 N. Y., pp. 367-368): “ The legislature has control of remedies so far as they affect existing actions. This control includes the power to extend the time to appeal, or to grant a new right of appeal, provided some time yet remained, according to the law in force when the legislature acted, within which an appeal might have been taken. If, however, according to the law existing when the statute extending the time to appeal, or granting a new right of appeal, was passed, the judgment had become final and unalterable, because no further right of appeal existed, then the judgment conferred a vested right and was property of which the owner could not be deprived by an act of the legislature, or otherwise than through due process of law. An appeal brought pursuant to a statute which authorizes an appeal after *520 the time provided by law had expired, or authorizes a further appeal after the only appeal authorized by law had been brought and finally decided, although it might result in the reversal of the judgment and be in form a judicial proceeding, would not be what is known as due process of law, which is not satisfied by a judgment based upon an unconstitutional statute ”.
Other decisions to similar effect are: Feiber Realty Corp. v. Abel (265 N. Y. 94); Waddey v. Waddey (290 N. Y. 251); Livingston v. Livingston (173 N. Y. 377); Matter of Greene (55 App. Div. 475, affd. 166 N. Y. 485); Burch v. Newbury (10 N. Y. 374, 386 [concurring opn.]).
The city would distinguish this case from the situation where appellate review remedies already exist and had been exhausted. In support of this position, it cites Stephens v. Cherokee Nation (174 U. S. 445). There, however, the court interpreted the statute as bringing up for review only the question as to whether the legislation under which the original determinations were made was itself constitutional. This is a far narrower scope of review and, moreover, the constitutionality of the law was upheld. Also the order of refund here was absolute, while in Stephens there was no certainty that there would be any distribution of lands or property.
Garrison v. City of New York (88 U. S. 196) is not in point. It presented no true constitutional question since at the time of the entry of the order the city under then existing law had a method of obtaining relief from the order of confirmation. Therefore, the statute purporting to grant a retroactive right of review did not in fact do so. Here the decision of the Tax Commission was not reviewable at the instance of the city because ‘1 Under the statutory scheme, the commission [was considered] the sole guardian of the public interest in such a case ” (Matter of City of New York v. New York Univ., 3 A D 2d 954, supra). Finally, in Paramino Co. v. Marshall (309 U. S. 370), we are dealing with the principle that the Legislature may cure an obvious defect in its legislation. The later law did not “ operate to create new obligations where none existed before ” (309 U. S., p. 378). Here, however, there was no defect in the existing scheme for review of recording tax determinations. The State Tax Commission presumably was looking after the *521 city’s interest by refusing a refund unless the right to it was clearly established. Despite this presumption, the commission had held the moneys were improperly collected, and, solely because of the city’s delay, the money had not been paid back at the time the law permitting appeal came into being.
On the whole, when the precedents are summarized, it is fair to state that the courts view the type of retroactive legislation involved here with great suspicion, although the rigidities of old theories of “ vested rights ” are now rejected. When one looks at the problem from the point of view of what is a proper attitude toward this type of legislation, one can find a strong pull in opposite directions. If it is valid, the courts will only proceed to decide the merits of the appeal and, when reviewing the case on the merits, presumably, the courts will reach the correct result. If the petitioner is entitled to the moneys, he will have them. If he is not entitled to the refund, and the commission has made an erroneous interpretation of the law, then petitioner has lost nothing to which he is truly entitled.
Tending in the opposite direction is the question of reliance which at some point becomes the predominant element in the equation. A strong argument can be made that, absent a showing of reliance, the Legislature should be free to draw the line where it wishes. Yet, as an alternative to involving the courts in the difficult determinations whether there was or was not reliance in each instance, it appears to us reasonable to draw the line where the judgment becomes final even if in any particular situation there may not be reliance.*
The city argues that, if prior to the expiration of the existing time limits the Legislature authorized a further appeal, the *522 courts would recognize the validity of the legislation. Therefore, it sees no objection to this short period of retroactivity. While it is true that a new right of appeal can overturn a favorable result in the lower court, still the city would agree that a line must be drawn between vested and contingent rights.
If the Legislature should pass a law saying there should be an unlimited period in which to take appeals to the Court of Appeals or to make motions for reargument, this court would surely refuse to apply the legislation to appeals taken or motions made years after the event where it would cause grave injustices.
There is also much difficulty with the distinction which the city would draw between binding orders of refund made by administrative tribunals and final judgments of courts. The area is already too filled with artificial distinctions and additional ones should be avoided.
We have all been raised in a legal tradition which finds retroactive legislation distasteful. After balancing the various factors, we conclude that, absent any showing of the public interest to be served by this retroactive legislation (cf. People ex rel. H.D.H. Realty Corp. v. Murphy, 230 N. Y. 654), it should not be sanctioned here. The city should be required to make a strong case for retroactive effect. No persuasive case has been made.
The order of the Appellate Division should be reversed and petitioner’s application for judgment should be granted, with costs.

 Cases cited by the dissenting opinion are fully consistent with this approach. Thus, in both People ex rel. Beck v. Graves (280 N. Y. 405) and Matter of Lacidem Realty Corp. v. Graves (288 N. Y. 354), a statute seeking to apply a tax liability retroactively was held unconstitutional. In the latter case, however, a partial retroactivity to January 1 of the preceding year was permitted in accordance with the usual practice that tax legislation will usually apply to the year in which it is enacted and perhaps the immediately preceding year (Welch v. Henry, 305 U. S. 134). Thus there can be no consideration of reliance on the part of the public. Again it is simply a question of seeking to balance the various factors to arrive at a reasonable point of demarcation.

. Property taxes and benefit assessments on real estate have similarly been imposed retroactively without being regarded as offensive to any constitutional principle. (See Wagner v. Baltimore, 239 U. S. 207; Beattie v. Kelleher, 195 U. S. 351.) Indeed, our own court, in Matter of Lacidem Realty Corp. v. Graves (288 N. Y. 354, 357, supra), permitted a 1941 amendment to the Tax Law, which levied a tax on the proceeds realized by landlords from the sub-metering of electricity, to be applied retroactively for more than a year. And, in another tax case, People ex rel. Beck v. Graves (280 N. Y. 405, 409, supra), we noted that “ [w]hether a statute which by its express terms is retroactive will be.sustained is usually a question of degree.” (Emphasis supplied.)