Chief Judge Fuld (dissenting).
In April of 1967, section 251 of the Tax Law was amended to afford to the Register of the City of New York the right, previously unavailable, to bring an article 78 proceeding to review a determination of the State Tax Commission with respect to the imposition and collection of the mortgage recording tax. The amendment was retroactive to January 1, 1967. The question presented on this appeal is whether a Tax Commission order of March 20, 1967, directing payment of a tax refund to the petitioner, Chrysler Properties, created ‘ ‘ vested rights ’ ’ in the petitioner which are constitutionally immune to challenge by the city and, accordingly, preclude the latter from seeking judicial review pursuant to the retroactively amended statute.
*523 The petitioner brought this article 78 proceeding when the city refused to comply with the commission’s refund order, involving a tax of $67,500 which Chrysler had paid under protest in 1964. In a separate proceeding, the city, relying on section 251 as amended, sought judicial review of the commission’s determination. In the case now before us, the court at Special Term, concluding that the city was entitled to pursue the remedy granted to it by the Legislature, refused to stay the city’s proceeding and dismissed Chrysler’s petition; this disposition was, however, without prejudice to Chrysler to renew its application after review of the commission’s order had been completed. The Appellate Division unanimously affirmed that determination.
I agree with the courts below. I find no support for the decision now being made that, since no right of review was available to the city on March 20, 1967, when the commission issued its order, the petitioner’s rights were “ vested ” on that date and the city was barred, on constitutional grounds, from having the courts decide, on the strength of the April amendment, whether the Tax Commission had ruled correctly.
The concept of “ vested rights ” is, as the court’s opinion itself points out (p. 518), a “ fiction [which] hides many unmentioned considerations of fairness to the parties, reliance on preexisting law, the extent of retroactivity and the nature of the public interest to be served by the law. ” It is certainly true, as the majority opinion also notes (pp. 518-519), that “ The modern cases reflect more candid considerations of these relevant factors as well as a less inflexible view of the right of the Legislature to pass retroactive legislation.” For these very reasons, the case before us seems to me an especially inappropriate one for the conclusion that “ vested rights ” stand in the way of an otherwise reasonable and valid enactment—one which merely grants the City of New York the right to be heard, and to have judicial review, on a matter which affects it most directly. This is particularly true — as indicated below (see cases and discussion, infra, pp. 526-527) —where the asserted “ right,” claimed to be ‘‘ vested, ’ ’ is merely one to an immunity from any judicial review whatever and where the retroactive statute only remedies, in reasonable fashion, an existing defect in procedure.
It will be helpful at the outset to recall that we are here dealing *524 with a tax statute (Tax Law, §§ 250-253) and that, in the field of taxation especially, retroactivity has long been a constitutional commonplace. Decisions upholding retroactive legislation which affected the interests of taxpayers far more seriously than does the mere procedural amendment involved on this appeal — laws, indeed, which imposed taxes on transactions completed before the taxing statute was enacted—persuasively point the answer to the question for decision. (See Welch v. Henry, 305 U. S. 134, 146; Cooper v. United States, 280 U. S. 409; Matter of Lacidem Realty Corp. v. Graves, 288 N. Y. 354, 357; People ex rel. Beck v. Graves, 280 N. Y. 405, 409.) As the Supreme Court — in upholding a 1935 Wisconsin tax on income received in 1933 — observed in Welch v. Henry (305 U. S., at p. 148):
“For more than seventy-five years it has been the familiar legislative practice of Congress in the enactment of revenue laws to tax retroactively income or profits received during the year of the session in which the taxing statute is enacted, and in some instances during the year of the preceding session.”[1]
Against this background, we see how little basis there is for a constitutional objection to the statute involved in the present case. The amendment to section 251 does not impose a new liability where none existed before. It does not, consequently, have nearly as harsh an impact on the taxpayer as did the retroactive tax laws just mentioned — laws which have uniformly been upheld as constitutional. It merely gives the deeply interested city an opportunity for judicial review of the question whether the law, as it stood at the time of the mortgage transaction, required the payment of a recording tax. By that procedure, as *525 the court recognizes (opinion, p. 521), Chrysler will suffer nothing— except delay compensated for by interest—if it was, in fact, entitled to exemption from the tax. This mildly inconveniencing amendment, it must be noted, is retroactive by its terms for barely four months—from its signing into law on April 24,1967 to the beginning of that year. In point of fact, it is actually retroactive in its impact on Chrysler for an even shorter time — for only thirty-five days, that is, from April 24 to March 20, 1967.
Obviously, too, there is no element of reliance here to give weight to the petitioner’s claim of constitutional invalidity. The city asserted its right to the tax at the moment the mortgage instrument was proffered for recording and it has never retreated from that position; more, the petitioner does not even suggest that it relied, in any way, on the commission’s refund order, once it had been handed down. The city gave no sign of acquiescence in the order, and Chrysler found it necessary to commence an article 78 proceeding — on April 17, 1967, before the enactment of the present amendment — to compel repayment of the tax.[2] The majority opinion (p. 521), noting that in cases of this kind “ reliance * * * at some point becomes the predominant element ”, concedes its absence here, yet goes on to justify the court’s holding on the ground that a strict rule of finality should be adopted “ as an alternative to involving the courts in * * * difficult determinations whether there was or was not reliance in each instance ”.
It does not seem to me, however, that there is any such difficulty of determination. A very simple test for reliance may be employed: was there a request for compliance with the order and was this request agreed to or refused? Surely, no reliance upon an administrative order addressed to an official body is ever justified until such a request is made, nor is it justified after the request has been refused, as it was here. Not unless the request were followed by an apparent acquiescence in the order would there be one of the necessary — though not all of the sufficient — elements of an estoppel.
*526 What magic, then, one may ask, was there in the handing down of the commission’s order of March 20, 1967, sufficient to bar the city from defending—by hearing and judicial review—its collection of a tax which was, itself, nonretroactive? The question, it seems to me, answers itself. Plainly, no one may acquire a ‘ ‘ vested right ’ ’ in complete immunity from court review of an administrative determination, particularly when the review procedures are created and availed of within so short and reasonable a time after the date of the challenged order as they were here. (See, e.g., Stephens v. Cherokee Nation, 174 U. S. 445,478; Graham & Foster v. Goodcell, 282 U. S. 409, 426; Paramino Co. v. Marshall, 309 U. S. 370, 378.) Very much in point is the Supreme Court’s statement in Stephens (174 U. S. 445, 478, supra) that
“ the mere fact that the legislation is retroactive does not necessarily render it void. * * * [Wjhile it is undoubtedly true that legislatures cannot set aside the judgments of courts * * * the grant of a new remedy by way of review has often been sustained under particular circumstances. * * # [1ST] or can the act [before the court] be properly regarded as destroying any vested right, since the right asserted to he vested is only the exemption of these judgments from review ”. (Emphasis supplied.)
Equally relevant is this statement from the opinion in the Paramino case (309 U. S., at p. 378): “ [W]e do not agree that the immunity obtained by the lapse of the time for review is the type of immunity which protects its beneficiary from retroactive legislation authorizing review of the claim.” And the opinion went on to say, ‘ ‘ This * * * act does not set aside a judgment, create a new right of action or direct the entry of an award. The hearing provided for is subject to the provisions of the * * * act [under which the original determination had been made]. It does not operate to create new obligations where none existed before. It is an act to cure a defect in administration developed in the handling of a * * * claim ” (emphasis supplied). As is manifest, the amendment to section 251 is no more than — to cull from the above opinion—“an act to cure a defect in administration * * * in the handling of a * * * claim.” It corrects only the anomalous *527 omission from the law, as it stood, of a procedural right enjoined by fairness and common sense.[3]
In short, no true obstacle exists to allowing the City of New York its day in court in this dispute with its taxpayer, and the action of the Legislature, in making the amendment to section 251 retroactive for a brief period of time was, in my view, entirely reasonable and well within constitutional limits. We should not, by our decision here, reintroduce into our law a conceptualism from which, increasingly, it has been emancipated.
The order of the Appellate Division should be affirmed.
Judges Burke, Scileppi and Bkeitel concur with Judge Keating ; Chief Judge Fuld dissents and votes to affirm in an opinion in which Judges Bbrgan and Jasen concur.
Order reversed, with costs, and matter remitted to Special Term for further proceedings in accordance with the opinion herein.

. The April 17 proceeding was dismissed in June of 1967 without prejudice, in view of the change in the law. The petitioner renewed its article 78 proceeding some time later that same month.

. Cases relied on by Chrysler, indicating that new rights of appeal from judgments may not be created after existing appellate remedies have expired or been exhausted, are inapposite. (See Germania Sav. Bank v. Village of Suspension Bridge, 159 N. Y. 362, 367-368; Feiber Realty Corp. v. Abel, 265 N. Y. 94, 99; Burch v. Newbury, 10 N. Y. 374, 392.) For one thing, the Tax Commission’s order is simply not a judgment. It was in no way self-enforcing and created no lien or rights which would affect third parties, as a docketed judgment may. Far more important, however, is the fact that the party to be affected by a judgment is invariably accorded the opportunity for a hearing and at least one appeal, rights not available to the city when the Tax Commission’s order of March 20, 1967 was issued.