■ ADONIA FORTE et al., Plaintiffs, v BOARD OF ASSESSORS OF THE COUNTY OF NASSAU, Defendant.—Submission of a controversy pursuant to CPLR 3222 to (1) invalidate defendant's final assessment roll for the "1977 (76/77)" tax year and (2) direct defendant to complete a new final assessment roll for the said tax year at full value, or, if the court determines that it is not feasible to prepare a new final roll at full value for the 1977 (1976/1977) tax year, to direct defendant to prepare a final assessment roll at full value within a reasonable time, but not later than May 1, 1977 for the 1978 (1977/1978) tax year (as requested by plaintiffs), or by May 1, 1983 for the 1984 (1983/1984) tax year (as requested by defendant). Judgment is directed ordering defendant to prepare an assessment roll at full value for the 1981 (1980/1981) tax year by no later than May 1, 1980 (see Nassau County Administrative Code, § 6-9.0 [L 1939, chs 272, 701-709, as amd]). No costs are awarded. The revaluation of all real estate parcels in Nassau County, in accordance with the principles set forth in *Matter of Hellerstein v Assessor of Town of Islip* (37 NY2d 1) and *860 Executive Towers v Board of Assessors of County of Nassau* (53 AD2d 463), is a monumental task. Nevertheless, and making due allowance for all of the factors referred to by defendant, a proper allocation, and temporary expansion, of its personnel should enable it to complete the task by May 1, 1980. Failure to do so shall be presumptive

proof that defendant was dilatory. Cohalan, J. P., Titone, Hawkins and Mollen, JJ., concur.