CHARLES RILEY, Petitioner, v TOWN OF CONESVILLE, Respondent.— Appeal from a judgment of the Supreme Court at Special Term, entered December 1, 1976 in Schoharie County, which dismissed petitioner's application in a proceeding pursuant to CPLR article 78. Preliminarily we note that there is some disagreement between the parties as to whether or not this is a proceeding properly brought pursuant to CPLR article 78, article 7 of the Real Property Tax Law, or an action for declaratory judgment. We are of the view that regardless of the manner by which the proceeding is denominated, the court has jurisdiction of all necessary parties and authority to grant relief as hereinafter indicated. Petitioner seeks to have all assessments of the respondent Town of Conesville annulled for failure to comply with section 306 of the Real Property Tax Law which requires that "All real property in each assessing unit shall be assessed at the full value thereof". In *Matter of Hellerstein v Assessor of Town of Islip* (37 NY2d 1), the Court of Appeals discussed a lengthy history of flagrant violations of this statutory mandate and clearly indicated that in the future assessors would be required to comply with the literal language of the statute. In that case, the court noted that the requirement of immediate compliance would cause temporary disruptions and therefore provided for a period of transition. The Town of Islip was given from June 5, 1975, the date of the decision, until December 31, 1976, to make this transition. An extension to July 1, 1978 was granted *(Matter of Hellerstein v Assessor of Town of Islip,* 39 NY2d 920). In the instant case, the court at Special Term, noting the desirability of judicial restraint to prevent financial chaos while assessing

units make the transition to conform with the *Hellerstein* decision, dismissed the petition on the ground that respondent had shown a good faith attempt to comply with *Hellerstein.* We agree that judicial restraint is in order, but this does not mean that respondent and other assessing units should be allowed to proceed unsupervised and at their own pace. The only "evidence" of respondent's good faith is a resolution supporting "implementation of preliminary steps toward town-wide revaluation". We do not question respondent's good faith, but we find nothing in said resolution indicating that revaluation is to be undertaken in accordance with the mandate of *Hellerstein.* Accordingly, we feel a time limit should be imposed and conclude that respondent should be directed to assess all real property within the township at full value within a reasonable time but no later than July 1, 1978. Judgment modified, on the law and the facts, so as to provide that the respondent shall assess all real property within the Town of Conesville at full value within a reasonable time but not later than July 1, 1978, and, as so modified, affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Mahoney and Main, JJ., concur.