Edward F. McLaughlin, J.
In each of the above-captioned cases, respondents move pursuant to CPLR 3211 (subd [a], par 10) for an order dismissing the petition of petitioners upon the ground that the court should not proceed in the absence of a person who should be a party.
Petitioners are property owners in the Town of Trenton, Oneida County, New York, who have filed petitions for review of their real property assessments based on inequality and failure of the Town of Trenton to assess property at "full value” in accordance with section 706 of the Real Property Tax Law.
*27 Respondents move to dismiss the petitions upon the ground that since other townships in Oneida County assess property based on an "equalization” rate, rather than at full value, if the Town of Trenton were to be required to assess at full value, its distributive share of State aid which is based at least in part on assessed value, would deprive the town of moneys. Thus, respondents contend that all other townships in Oneida County must be joined as necessary parties to this proceeding as the relief requested in the petitions, if granted, would adversely and inequitably affect all such towns. Respondents move to dismiss the petitions for failure of petitioners to join the other towns.
Respondents further contend that the State Board of Equalization and Assessment is a necessary party in that petitioners’ challenge of the equalization rate used by the Town of Trenton as established by the State board challenges its authority and purpose.
Section 306 of the Real Property Tax Law provides that all real property in each assessing unit shall be assessed at full value thereof. Sections 704 and 706 provide that a proceeding shall be commenced against the assessors of the "assessing unit” where the real property is located.
Petitioners seek relief in their petitions based in part on the decision of the Court of Appeals in Matter of Hellerstein v Assessors of Town of Islip (37 NY2d 1), in which the court found that fractionized assessments based upon equalization rates, although time-honored by custom, were flagrantly violative of statutory law. The court, therefore, ordered the town to make future assessments at full value commencing December 31, 1976. This order was later modified to commence July 1, 1978. (Matter of Hellerstein v Assessors of Town of Islip, 39 NY2d 920), it being clear from both decisions that the court realized that utter chaos and confusion would reign were all prior assessments and the tax rolls to be set aside immediately.
In the present case, the petitions contain the information required by section 706 of the Real Property Tax Law and are thus valid on their face. To require joinder of every other assessing unit in the county would be contrary to the Real Property Tax Law and the Hellerstein decision which both support the principal that assessments may only be attacked within the assessing unit in question. Were the respondents’ argument to be accepted, joinder of not only all Oneida *28 County townships, but all other townships in the State would be mandated since all such assessing units are affected by State aid. Such a result would create exactly the situation the court tried to avoid in Hellerstein, to wit: disorder and confusion in public affairs and utter confusion in real property taxing procedures pending the determination of the lawsuit. This court, therefore, finds that the collective towns of the County of Oneida are not necessary parties herein.
A close reading of the petitions filed in the instant certiorari cases does not indicate any challenge to the status or function of the State Board of Equalization and Assessment. In any event, such a challenge would have to be made in an article 78 proceeding (860 Executive Towers v Board of Assessors of County of Nassau, 53 AD2d 463, 474). Thus, this court finds that the State board is not a necessary party herein.
Motion denied.