■ In the Matter of ARTHUR DES JARDINS et al., Respondents, v FRANK A. NIEMAN et al., as Assessors of the Town of Trenton, Appellants.—Order unanimously affirmed, with costs. Memorandum: This proceeding was instituted in what may become a flow of litigation following the Court of Appeals decision in *Matter of Hellerstein v Assessors of Town of Islip* (37 NY2d 1) which held that section 306 of the Real Property Tax Law which provides that "All real property in each assessing unit shall be assessed at the full value thereof" must be enforced. We affirm the determination at Special

Term which denied the motion of the appellants, Assessors of the Town of Trenton in Oneida County, who sought an order dismissing the respondents' petition on the ground that their petition to review and reassess all properties in the Town of Trenton at full value should not proceed in the absence of all the remaining towns in Oneida County or the New York State Board of Equalization and Assessment. The petitioners-respondents are property owners in the Town of Trenton who sought review of their real property assessment under article 7 of the Real Property Tax Law based on claimed inequality and the failure of appellants assessors to assess the real property in the Town of Trenton at "full value" as required by law. The language of the statute makes evident that a proceeding brought pursuant to article 7 requires that the assessment of one parcel of real property be compared to another found on the same tax roll and made by the same assessors (Real Property Tax Law, § 706), i.e., the challenge is to be made within each separate assessing unit. There are over 1,000 such separate assessing units in New York State (NY State Bd of Equalization & Assessment, Equity in Real Property Tax 1 [1972]). Following the Court of Appeals decision in *Matter of Hellerstein (supra)*, a number of these units have been the subject of court proceedings (e.g., *Riley v Town of Conesville*, 58 AD2d 665; *Forte v Board of Assessors of County of Nassau*, 57 AD2d 915). The monumental task of assessing at full value will take time. While the issue before us was not decided in *Matter of Hellerstein (supra)*, there is at least a suggestion that the Court of Appeals was aware of the impact during the transition period when one town is required to reassess at full value while its neighbors have not done so *(Matter of Hellerstein, supra, p 14; dissenting opn per Jones, J., pp 17-18)*. The Court of Appeals stated that the courts should exercise discretionary restraint "so as [not] to cause disorder and confusion in public affairs" (p 14). The legislative response to *Hellerstein* was to extend the time for compliance by amending section 306 of the Real Property Tax Law, to permit any assessing unit until December 31, 1980 to comply with full valuation standards of assessment (L 1977, ch 888, § 1). No good reason has been presented, however, as to why the New York State Board of Equalization and Assessment or any or all of the other separate assessing units in Oneida County must be joined as necessary parties in order for Special Term to proceed to determine whether the Town of Trenton is in compliance with section 306 (see *Matter of Esopus Prop. Holders v Potter*, 60 AD2d 948). To order these units to be so joined would tend to create precisely the "disorder" and "confusion" that the Court of Appeals expressly cautioned against. The motion made by appellants under CPLR 3211 (subd [a], par 10) was properly denied. (Appeal from order of Oneida Supreme Court—motion to dismiss.) Present—Moule, J. P., Cardamone, Simons, Dillon and Denman, JJ. [91 Misc 2d 26.]