■ JOHN H. HOFFMAN et al., Respondents, v ASSESSOR OF THE TOWN OF STEPHENTOWN et al., Appellants.—Appeal from (1) an order of the Supreme Court at Special Term, entered December 14, 1977 in Rensselaer County, which granted plaintiffs' motion for summary judgment, and (2) the judgment entered thereon. Plaintiffs are residents and owners of real property situate in the Town of Stephentown, Rensselaer County, New York. In this action they seek a judgment declaring that real property in the town is not assessed at full value as mandated by section 306 of the Real Property Tax Law and directing that defendants so assess it commencing with the 1978 tentative assessment roll and appropriate sufficient funds to accomplish the task. Admittedly, real property in the town is now assessed at less than its full value, but defendants answer that they have, in good faith, taken initial steps to physically revalue it and have thus complied with the statutory mandates and existing case law (see Real Property Tax Law, § 306, as amd by L 1977, ch 888; *Matter of Hellerstein v Assessor of Town of Islip,* 37 NY2d 1, mod 39 NY2d 920; *Riley v Town of Conesville,* 58 AD2d 665). On a motion by plaintiffs for summary judgment, Special Term rejected defendants' arguments and ordered that full value assessment be accomplished by June 1, 1978, with the right to defendants to seek an extension of that date. The order and judgment should be modified. In the first place, periods far longer than the five and one-half months here directed by Special Term were allowed to complete the assessments necessary for full valuation in both *Hellerstein* and *Riley* (see *Matter of Hellerstein v Assessor of Town of Islip,* 37 NY2d 1, 14, mod 39 NY2d 920, *supra; Riley v Town of Conesville,* 58 AD2d 665, 666, *supra).* Those cases were decided before this action was commenced and, apart from any other consideration, would alone serve to indicate the inappropriateness of Special Term's mandate. Moreover, the governing statute, section 306 of the Real Property Law, was amended by legislation in effect when this litigation was instituted and it does not demand final compliance with the full value standard for some two and one-half years following the amendment if the assessing unit, in good faith, initiates a physical revaluation of all its property and actively carries it out (L 1977, ch 888). The basis of Special Term's decision appears to be that defendants failed to qualify for this extension because, as a matter of law, they had not done enough to initiate a revaluation. We are of a contrary opinion. It is not disputed that defendants have allocated funds to undertake full value assessments and that discussions are underway with a firm to perform the work. Nevertheless, plaintiffs argue, and Special Term evidently agreed, that some contractual commitment is required to satisfy the amended statute. However, this position would unduly strain a common sense appraisal of the word "initiate" and we do not construe the applicable language in such a restrictive fashion, particularly in light of its manifest purpose and the fact that, good faith efforts or not, full valuation assessments must ultimately be completed by December 31, 1980, at the latest. Accordingly, we conclude that defendants met the terms of the amended statute and were entitled to a declaration to that effect by commanding the assessment of all real property within the town at its full value by December 31, 1980. It should be noted that section 306 of the Real Property Tax Law has been amended once again, during the pendency of this appeal, and now specifies that the foregoing completion date applies, in the event the former conditions are satisfied, "whether or not an earlier date for such

completion had been established by final court order or judgment" (L 1978, ch 163). However, our resolution of the matter obviates any necessity to consider the validity or effect of this latest legislative enactment. Order and judgment modified, on the law, without costs, by directing that a judgment be entered declaring that real property in the Town of Stephentown, Rensselaer County, New York, is not now assessed at its full value but that all such property must be so assessed by final assessment roll filed no later than December 31, 1980. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Mikoll, JJ., concur.