■ In the Matter of HANS BAUER et al., Appellants, v BOARD OF ASSESSMENT REVIEW et al., Respondents. — Appeal from that part of a judgment of the Supeme Court at Special Term (Hughes, J.), entered August 20, 1982 in Columbia County, which, in a proceeding pursuant to article 7 of the Real Property Tax Law, granted petitioners' application only to the extent, *inter alia,* of declaring the method of assessment in question to be illegal and directing respondents not to employ this method of assessment subsequent to 1982. Petitioners, owners of real property in the Town of Taghkanic, claim that the entire 1981 assessment roll is illegal and void, or alternatively, that their individual assessments should be reduced and corrected. The petition includes a letter dated May 1, 1981 to all property owners from the assessors stating that all property would be assessed at full value and that building lots would be assessed at $350 for the first acre and $100 for each additional acre, and all other land at $100 an acre. Following service of an amended petition pursuant to court order, respondents moved for an order directing that petitioners submit to oral examinations whereupon petitioners cross-moved for judgment on the pleadings with respect to the relief sought from their assessments. Special Term denied discovery and granted petitioners judgment to the extent of severing the over-evaluation and inequality claims, and declared the assessment method used to be illegal, directing respondents not to employ the method of assessment used in 1981 in future years. The sole contention made

by petitioners on this appeal is that Special Term erred in ordering that the relief granted be prospective only since they have been deprived of vested rights without due process of law for the years 1981 and 1982. The judgment should be affirmed. The general rule in New York is that "the courts should not act 'so as to cause disorder and confusion in public affairs even though there may be a strict legal right' " (*Matter of Hellerstein v Assessor of Town of Islip,* 37 NY2d 1, 13-14, quoting *Matter of Andresen v Rice,* 277 NY 271, 282). We agree with *Hellerstein* in that it is incumbent upon the courts, where the exercise of discretion is involved, to use restraint when a settled assessment roll is challenged. Taxes have been levied and paid; tax liens have matured or are pending; budgets adopted and expenditures made; all in reliance upon the completed assessment rolls. Moreover, petitioners have not been deprived of their right to contest their individual assessments since Special Term severed their causes of action brought pursuant to article 7 of the Real Property Tax Law wherein they may be afforded relief for any overpayment ultimately determined to have been made. We reject petitioners' contention that they have been deprived of a vested right. Petitioners' reliance upon *Matter of Chrysler Props. v Morris* (23 NY2d 515) is misplaced. In that case, the Court of Appeals held that an amendment to section 251 of the Tax Law authorizing appeals of determinations by the State Tax Commission, could not be applied retroactively to permit the City of New York to appeal a prior determination in petitioners' favor which was unreviewable prior to the enactment of the amendment. The court found retroactive legislation to be distasteful and that absent a showing of public interest to be served, retroactive application there, which would deny petitioners' refund, would not be sanctioned (*Matter of Chrysler Props. v Morris,* 23 NY2d 515, 522, *supra*). In the instant case, unlike *Matter of Chrysler Props.,* petitioners have an adequate remedy by way of refunds of any taxes they paid which are proven to have been illegal due to overassessment or inequality of their individual assessments. Although a vested cause of action is considered property and is protected from arbitrary interference, petitioners have no property, in the constitutional sense, in any particular form of remedy; all that they are guaranteed by the Fourteenth Amendment is the preservation of their substantial rights to redress by some effective procedure (*Gibbes v Zimmerman,* 290 US 326; *Matter of Mortgage Comm. [1175 Evergreen Ave.],* 270 NY 436). Petitioners find no fault with the substantive determinations made by Special Term other than the prospective requirement for changing the method of assessment. Their contention that they have been deprived of a vested right is without any constitutional basis. Nor do we find that Special Term erred in failing to order that the method of assessment be changed prior to 1983. As stated above, the Court of Appeals has held that courts should not act so as to cause disorder and confusion in public affairs even though the result may delay the remedy for the violation of a strict legal right (*Matter of Hellerstein v Assessor of Town of Islip,* 37 NY2d 1, 13-14, *supra*). Our courts have repeatedly provided for adjustment periods within which to achieve newly mandated methods of assessment of real property (see, e.g., *Hoffman v Assessor of Town of Stephentown,* 63 AD2d 1093; *Forte v Board of Assessors of County of Nassau,* 57 AD2d 915). We find no abuse of discretion by Special Term, in the absence of which the judgment should be affirmed. Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Mikoll and Weiss, JJ., concur. [114 Misc 2d 640.]