OPINION OF THE COURT
John A. K. Bradley, J.
The plaintiffs, the Beaumont Company (Beaumont) and Progress Partners (Progress), have moved pursuant to CPLR 1013 to permit certain named parties to intervene as ' plaintiffs; pursuant to CPLR 902 to certify this action as a class action and pursuant to CPLR 3212 to grant summary judgment in the plaintiffs' favor declaring the provisions of Section 253-a of the Tat Law as amended by chapter 57 of the Laws of 1982 and Sections W46-1.0 and W46-2.0 of the Administrative Code of the City of New York as amended by chapter 57 of the LaWs of 1982 unconstitutional.
The City of New Yotit (City) and the Department of Finance of the City of New York, two of the defendants, have cross-moved for summary judgment pursuant to *88 CPLR 3212 declaring the above-mentioned statutes valid and constitutional, dismissing the complaint and granting judgment in favor of the City on their counterclaim against Progress Partners; for an order denying intervention and class certification.
The Attorney-General asserts that he is not a necessary party to this action.
Beaumont is the owner of 30 West 61st Street, New York City, and in June, 1981, Beaumont borrowed $26,000,000 from the Chase Manhattan Bank, N. A., which was evidenced by five notes, each of which was secured by a separate mortgage.
Progress is the owner of 1251 Sixth Avenue, New York City, and in October, 1981, Progress borrowed $29,929,750 from Chase which was evidenced by three notes, each of which was secured by a separate mortgage.
Both Beaumont and Progress paid the full recording taxes due under the then applicable statutes. .
On April 12, 1982, chapter 57 of the Laws of 1982 was enacted amending the State enabling statute, section 253-a of the Tax Law and section W46-1.0 et seq. of the Administrative Code, imposing a mortgage recording tax in New York City by increasing the rate of taxation on the recording of certain mortgages recorded on or after February 1, 1982. The original tax was 50 cents for each $100 of principal debt, which was increased to $1.121/2.
Both Beaumont and Progress assert that they are mortgagors who recorded certain mortgages on or after February 1, 1982, but before April 12, 1982. They paid the recording tax at the old rate and assert that they are now being deprived of due process of law by being required to pay the tax at the retroactive increased rate. They also assert that certain priorities and vested rights pertaining to the premises were altered retroactively in violation of the contract clause of the Constitution.
Beaumont paid the additional sums due under protest, Progress did not.
The plaintiffs seek to have four other parties intervene as plaintiffs. Three of the proposed intervenors own real property in New York City, each of whose mortgage was *89 recorded between February 1 and April 12, 1982. Each paid the original tax due at the time their mortgages were recorded and each was assessed additional tax based on the retroactive increase. One of the proposed intervenors paid the retroactive tax. The others refused to pay. The other proposed intervenor is a mortgagee whose mortgage could arguably be threatened by the retroactive increase.
The Attorney-General asserts that as a defendant he should have been served with intervenor complaints which he was not.
In light of the court’s determination that the retroactive application of the mortgage recording tax increase is constitutional as applied to these plaintiffs (and proposed intervenors) the motion for class certification is not appropriately reached.
The plaintiffs do not challenge the mortgage recording tax or an increase thereto nor could they (Franklin Soc. v Bennett, 282 NY 79, app dsmd 309 US 640; Pittsburgh v Alco Parking Corp., 417 US 369). Rather, they challenge the retroactive application of the increase.
There is generally no constitutional objection to retroactive application of a tax statute. (See United States v Darusmont, 449 US 292.) No taxpayer has a vested right in the rate of taxation and so long as the proposed retroactive application is not unreasonably long, serves a public purpose, and does not unreasonably disappoint the taxpayér’s justified reliance on prior law, such retroactive application will not violate due process. (See United States v Darusmont, supra; Welch v Henry, 305 US 134; People ex rel. Beck v Graves, 280 NY 405.)
Under this test, the retroactive application of the tax in issue is not harsh or oppressive. The 10-week period of retroactivity is relatively short and the legislation was introduced prior to the date of its eventual effectiveness. Further, the public purpose advanced — to secure mass transit revenue and to recoup revenue lost by the repeal of the New York City gains tax on real property transfers — is creditable.
Plaintiffs and proposed intervenors argue, however, that retroactive application disrupts vested rights obtained at the time of the initial filing of the mortgage. While many of *90 the parties advance hypothetical detrimental impacts upon their lien priority, significantly, none assert that they have suffered any actual loss of priority as a result of retroactive application. This court need not determine, therefore, whether retroactive application could be upheld if such application had actually stripped a recording party of priority.*
As for plaintiffs’ claims that retroactive application impairs contractual rights in violation of section 10 of article I of the United States Constitution, there is nothing in the tax statute that nullifies provisions in any contractual agreements. The mortgage recording tax was in effect at the time these parties dealt with each other. A mere increase in rate did not impair contractual rights. (See Producers Transp. Co. v Railroad Comm., 251 US 228; Cohan v Commissioner of Internal Revenue, 39 F2d 540.)
In sum, retroactive application of the increase to the parties before the court was an appropriate exercise of legislative power and defendants’ summary judgment motion must be granted. In light of this decision the motion to certify a class is moot.
The plaintiffs’ motion for summary judgment, intervention and class certification is hereby denied. Summary judgment for the defendants is granted. Summary judgment on the City of New York and Department of Finance of the City of New York’s counterclaim is also granted.

 It is true that those who did not pay the retroactive increase placed themselves in some jeopardy but such resulted not from the retroactive nature of the increase but rather from their failure not to pay it.