■ In the Matter of SEBASTIAN AMATO et al., Appellants, v BOARD OF ASSESSMENT REVIEW OF THE TOWN OF TAGHKANIC et al., Respondents.—Kane, J. P. Appeal from an order of the Supreme Court at Trial Term (Bradley, J.), entered October 8, 1985 in Columbia County, which dismissed petitioners' application, in a proceeding pursuant to Real Property Tax Law article 7, to, inter alia, declare illegal the 1983 assessment roll of the Town of Taghkanic.

On or about April 1983, respondent Board of Tax Assessors of the Town of Taghkanic, Columbia County, prepared the property tax assessment roll for the town. Petitioners, whose properties appeared on the 1983 assessment roll, appeared before respondent Board of Assessment Review (Board) on the appropriate day to protest the assessments of said properties.

Their grievances were rejected. Thereafter, petitioners commenced a proceeding under Real Property Tax Law article 7 seeking an order declaring the assessment of the property to be illegal. They also sought to have a new assessment roll for the year 1983 prepared, asserting that the method utilized in the preparation of the assessment roll was illegal in that it assessed all property based on an arbitrary amount for each acre without regard to the actual market value of each parcel.

On a prior appeal concerning assessments for the year 1981, this court, in *Matter of Bauer v Board of Assessment Review* (91 AD2d 1097, *appeal dismissed* 60 NY2d 585), held that the method of assessment utilized by the Board, which assessed property at $350 for the first acre and $100 for each additional acre, was illegal in that it did not take into account the market value of each parcel but was based upon the amount of acreage contained in the individual parcels. The relief afforded was prospective only in directing the Board not to utilize the same method in the future.

Petitioners assert that the Board has again utilized the method of assessment which has been prohibited by *Bauer.* Respondents assert that petitioners are incorrect and that every parcel has been visited, examined individually, and the value thereof established based upon the actual market value of each parcel.

Concluding that substantial questions of fact existed as to whether respondents have ceased using the prohibited method of evaluation or based such evaluations on actual market value, Special Term denied petitioners' request for judgment on the pleadings and ordered that the petition be referred to a Trial Term for a hearing. The hearing was held and at the end of petitioners' case, Trial Term granted respondents' motion to dismiss for failure to state a cause of action. This appeal ensued.

In our view, petitioners failed to prove that a flat rate of assessment was used by the Board. Their expert real estate appraiser admitted to examining only 7 or 8 of the 22 parcels owned by petitioners and was unable to discern a formula with which the Board assessed the parcels, and, in fact, found several different formulas used to arrive at assessments. His attempts to categorize assessments by the size of the parcels was not successful and any attempt to find support for petitioners' position, upon his testimony and that of two of the petitioners, would require resort to pure speculation.

There is a presumption of validity of an assessment by the

taxing authority *(Matter of Adirondack Mountain Reserve v Board of Assessors* 99 AD2d 600, 601, *affd* 64 NY2d 727), and one who challenges such assessment has the burden of proving the assessment erroneous by clear and convincing evidence *(Matter of Barker's Stores v Board of Review,* 74 AD2d 994). The law requires that all real property be assessed with respect to the value of the parcel being taxed, whether such assessment is fractional or full (Real Property Tax Law § 305). Here, although the majority of parcels of one acre or less were assessed at the same amount, it does not necessarily establish the use of a particular formula. In fact, petitioners' witnesses both testified that assessments resulted from an actual inspection of their property or examination of a photograph thereof. In any event, the methods employed by assessors in arriving at assessments normally are not subject to disclosure or close scrutiny by the courts *(Matter of Merrick Holding Corp. v Board of Assessors,* 45 NY2d 538), and given the strong presumption in favor of the taxing authority and the uncertainties in petitioners' case, the ruling of Trial Term will not be disturbed.

Order affirmed, with costs. Kane, J. P., Main, Casey, Yesawich, Jr., and Levine, JJ., concur.